WELTER *v.* WELTER.
SPRINGER, A MINER, *v.* DEBOCK.

[Cite as Welter v. Welter, 27 Ohio Misc. 44.]

(Nos. 874269 and 871908—Decided March 5, 1971.)

Common Pleas Court of Cuyahoga County.

*Messrs. McNeal, Schick, Archibald & Carlson* and *Mr. Harley J. McNeal,* for plaintiff.
*Messrs. Jamison, Ulrich, Burkhalter & Hesser* and *Mr. Jerome S. Kalur,* for defendant, in case No. 874269.
*Mr. Michael Shane,* for plaintiff.
*Messrs. Weston, Hurd, Fallon, Sullivan & Paisley* and *Mr. Thomas P. Curran,* for defendant, in case No. 871908.

McMONAGLE, J. Motions submitted in both of the above causes involve substantially the same question and the within memorandum applies to each case. The ultimate question to be decided is the following:

Where a plaintiff is a nonresident of Ohio in which his action for personal injury is on file, may he be required to travel at his own expense to the Ohio county in which the action has been filed for the purpose of having an oral deposition taken by counsel for his opponent?

In the *Welter case*, the plaintiff is the son of the defendant and he alleges that he was injured through the gross negligence of the defendant on June 3, 1967, as a result of an automobile collision which occurred in Ontario, Canada; that at the time the action was filed the plaintiff was a resident of Oklahoma City, Oklahoma, and the defendant was a resident of Cleveland, Ohio.

In the *Springer case,* the plaintiff, Denise Springer, a minor, alleges that she was injured in an automobile collision which occurred on the 4th day of May, 1968, in Cleveland, Ohio; that since the accident occurred, the minor plaintiff has moved to North Tulsa, Oklahoma. The defendant at all times has resided in Cuyahoga County, Ohio.

Counsel have cited no Ohio decisions bearing upon the motions before the court which would require the defendants to pay the expenses of the plaintiffs to come to Cuyahoga County for oral depositions requested by the defendants. Various decisions of the United States Federal District Courts have been cited.

In the *Welter case,* both counsel appear to rely upon the decisions of the United States District Court for the Southern District of New York, *O'Hara* v. *United States Lines Co.,* 164 F. Supp. 549. In the *O'Hara case,* the plaintiff was a resident of California, who properly brought suit in the U. S. District Court for the Southern District of New York for unpaid wages and the statutory penalty for wrongfully withholding such wages. The court reviewed various pertinent citations and entered an original order in which the court found that no good reason had been shown why plaintiff should not appear for examination in New York at his own expense. A motion for reargument was granted after which the court determined that contrary to the position which defendant had urged on the original motion which was to the effect that plaintiff had

deliberately chosen an inappropriate forum 3,000 miles from his place of residence solely in the hope of gaining special advantages in New York that the plaintiff was eminently justified in proceeding in New York and that New York was the proper place for his action to be brought; that the hardships on the plaintiff which would arise were he compelled to appear in New York for deposition, are not of his own making; that they arise because New York is the situs of the transactions in the suit.

The court thereupon directed the defendant to proceed with its examination of plaintiff in the first instance by written interrogatories and/or a deposition upon written questions; and that in the event these should prove inadequate to elicit the information to which defendant may be entitled it could subsequently apply to the court for an order requiring the plaintiff to appear for an oral deposition upon such conditions as then may seem appropriate.

It is obvious that when requests are made such as are at issue in these matters, that no firm standards are applicable to all actions. It appears to have been accepted under the federal rules that a plaintiff will be required to go to the forum for his deposition and pay his own expenses in doing so, if that forum was chosen to harrass or impede the defendant and when he could have chosen another forum. Otherwise there are no firm rules with regard to requiring such attendance at the forum.

In the case of *Connell* v. *Biltmore Security Life*, 41 F. R. D. 136, the court entered an order which provided that the travel expenses of the party should be taxed as costs in the case, provided, however, that pending the final disposition of the action, both the plaintiff and the defendant should each advance and/or pay one-half ($\frac{1}{2}$) the party's travel expenses and that the total amount should be paid by the losing party at the final outcome of the litigation.

This procedure would appear to be a deterrent to a party's attempting to subject another party to considerable inconvenience and financial hardship when not absolutely necessary.

Whatever precedents are reported are mostly deci-

sions of Federal District Courts. Because the orders are interlocutory in nature, the Federal Appellate Courts have not generally been called upon to rule on them. See cases cited in 2A Barron & Holtzoff, Section 713, Federal Practice and Procedure, Rules Edition.

In the *Welter case,* the selection of the forum is probably more advantageous to the defendant than to the plaintiff considering that it is the county where he resides and the action could probably have been brought where the accident occurred. This latter would probably have been to the disadvantage of both parties.

In the *Springer case,* the plaintiff's action was filed in the only county proper. The accident happened in Cuyahoga County and the defendant resides here.

A party may not require that he be subpoenaed in order to enforce his attendance for the purpose of being orally deposed.

In McCormac's Ohio Civil Rules Practice, Section 10.20, it states:

"The procedure for compelling the attendance of a witness to a deposition varies somewhat from previous Ohio practice and from Federal practice. It also varies from that provided for a party in that service of notice is sufficient upon a party.

"The witness or a party may apply to the court for a protective order if necessary to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense."

The state courts are now being presented, in various actions, with requests for, on one hand, an order to compel attendance of a party in the county of the forum at the expense of the party to be orally deposed and, on the other hand, for protective orders enjoining the requirement for such attendance unless the party's traveling expenses are paid by the opposing party.

These questions have and will arise in cases where the plaintiff is a nonresident of the state of the forum and also where a defendant is such a nonresident and has been summoned under our Long Arm provisions (Rule 4.3).

So, for the purpose of there being a confrontation in the county of the forum between counsel for the plaintiff and the defendant, or between counsel for the defendant and the plaintiff may an out-of-state party be required, at his own expense, to travel to the county of the forum?

The court feels that should counsel for the defendant desire a confrontation in Cuyahoga County with a plaintiff, notwithstanding the considerations being extended the parties by the court, as outlined hereafter, that the defendant should participate in the travel expenses.

Should an oral deposition be scheduled at the residence of an out-of-state party and attended by counsel of record for both sides, each party would be burdened with a nonrecoverable expense of at least double that which he would advance as provided herein.

In each of the within matters the defendant is directed to proceed with his examination of the plaintiff in the first instance by written interrogatories (Rule 33) and/or depositions upon written questions (Rule 31) or both; that the case, upon request of either party will be so assigned for pretrial and trial that an oral deposition may be taken in Cuyahoga County within a few days prior to the time of such pretrial and trial. If, however, a defendant feels that these arrangements are inadequate, a prior oral examination may be scheduled and the travel expenses of the plaintiff shall be taxed as costs, provided however that pending the final disposition of the case both the plaintiff and the defendant shall each pay and/or advance one-half (½) of the travel expenses and the total sum shall be paid by the losing party at the final outcome of the litigation.

The same procedure shall apply with reference to the defendant DeBock's request for a physical examination. If the defendant feels that the examination is imperative other than within a few days before pretrial and trial the travel expenses of the plaintiff shall be taxed as costs with one-half (½)) paid and/or advanced by each party prior to the trip.