JONES, APPELLANT, *v.* PIERSON, D.B.A. T & L BODY & FENDER SHOP, APPELLEE.

(No. 42309—Decided August 6, 1981.)

*Mr. Kevin Cole, Ms. Mary Jo Long,* and *The Legal Clinic, Cleveland State University College of Law,* for appellant.

*Messrs. Adrine & Adrine* and *Mr. Russell T. Adrine,* for appellee.

KRENZLER, C.J. Callie Jones, appellant herein, filed a complaint in the Cleveland Municipal Court alleging that appellee Lawrence Pierson, d.b.a. T & L Body & Fender Shop, was liable to her in damages for the negligent repair of her automobile. The case was tried before a jury, which found for appellant in the amount of $725. On February 1, 1980, the court entered judgment for appellant for "$725.00 and costs of this action."

On February 8, 1980, appellant filed a "Motion for Bill of Costs" which sought to have taxed as costs the expense of a private court reporter's attendance at trial and the expenses of recording and transcribing two depositions used for impeachment purposes during trial. The court overruled appellant's motion to tax these expenses as costs on May 7, 1980, and appellant timely appealed this order, which is the subject of the instant appeal.

Appellant has set forth three assignments of error for our consideration:

"I. The trial court's denial of plaintiff's bill of costs was an abuse of discretion.

"II. The trial court improperly refused to tax the cost of a court reporter against defendant, the non-prevailing party.

"III. The trial court improperly refused to tax the cost of depositions which were used at trial against defendant."

Appellant's first assignment of error is interrelated to the second and third assignments and shall be discussed in conjunction with the latter.

Appellant's second assignment of error asserts that the court erred in not awarding to her, as the prevailing party, the cost of a court reporter's attendance at trial. At issue here is whether this expenditure is a taxable cost pursuant to Civ. R. 54(D), which provides that "[e]xcept when express provision therefor is made either in a statute or in these rules, *costs shall be allowed to the prevailing party* unless the court otherwise directs." (Emphasis added.)

We recognize at the outset that Civ. R. 54(D) represents a codification of an existent trend to broaden the scope of what constitutes an awardable cost. Originally, Ohio courts limited taxable costs to expenses specifically designated as such by statute, generally limited, therefore, to "* * * the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action or prosecution * * *." *State, ex rel. Commissioners,* v. *Guilbert* (1907), 77 Ohio St. 333, 338. See, *e.g., Benda* v. *Fana* (1967), 10 Ohio St. 2d 259 [39 O.O.2d 410]; *Euclid* v. *Vogelin* (1950), 152 Ohio St. 538 [41 O.O. 85]; *Smith* v. *Smith* (1952), 93 Ohio App. 294 [51 O.O. 45]. More recently, however, the decisions evidence a willingness of the courts to allow a prevailing party to recover some expenses outside this traditional meaning of "costs." See, *e.g., Barrett* v. *Singer Co.* (1979), 60 Ohio St. 2d 7 [14 O.O.3d 122]; *Terry* v. *Burger* (1966), 6 Ohio App. 2d 53 [35 O.O.2d 156]; *Thornton* v. *Mid America Finance & Loan Co.* (1964), 8 Ohio App. 2d 229 [29 O.O.2d 312]; *Welter* v. *Welter* (Cuyahoga C. P. 1971), 27 Ohio Misc. 44 [55 O.O.2d 302]. Thus, as noted in the Staff Note to Civ. R. 54(D), the rule allows a court to exercise some discretion in determining that a particular expense will be taxed as a cost, "* * * plac[ing] ultimate responsibility for the assessment of costs upon the court, he [is] to exercise his discretion *unless a particular statute provides for specific assessment of particular costs.*" (Emphasis added.)

While a court may now award both statutory and non-statutory expenses as

costs, there are differing mechanisms for the actual recovery of such costs by the prevailing party. Costs recognized by statute are self-executing; that is, they are routinely recorded as taxable items upon a cost sheet maintained by the clerk of courts, and automatically carried into the judgment of the prevailing party by the clerk. See *White* v. *White* (1977), 50 Ohio App. 2d 263, 269 [4 O.O.3d 225], at fn. 1. In contrast, any other items which the prevailing party desires to recover as costs may only be obtained by means of a formal motion to the court to tax such expenses as costs. For non-statutory costs, absent a motion to tax as costs, there exists no duty of the court, the clerk of court, or the non-prevailing party to effectuate the recovery of such sums expended by the prevailing party.

In the instant case, appellant properly filed her motion to tax the contested expenses as costs. Therefore, the issue herein presented is whether the items for which she seeks to recover her expenses are properly taxable as costs against appellee.

A determination of whether or not an expense will be allowed as a taxable cost under Civ. R. 54(D) requires a two-step analysis by the court to which a motion to tax as costs has been addressed. The first step of the inquiry is to determine whether an expense is an item properly taxable as a cost; this is followed by a decision as to whether the cost should be taxable in the particular case at bar.

Ohio has long recognized that there exists a difference, for the purpose of awarding costs, between personal expenditures outlaid during litigation and litigating expenses. Personal expenses, which are not taxable as costs, are those expenses expended by a party in preparing a case for trial. *Pope* v. *Pollock* (1889), 46 Ohio St. 367. On the other hand, necessary litigating expenses are taxable costs pursuant to Civ. R. 54(D); that is, as much of the funds expended by a party as are necessary and vital to the litigation must be characterized as taxable costs which will normally be awarded to the prevailing party.

In ruling upon a motion to tax an expense as a cost, therefore, a court must first determine whether the item is a necessary litigating expense. In making this determination, the focus of the inquiry is whether an itemized expense, not declared taxable by statute, was so vital to the case that it may no longer be viewed as a mere personal expense but must be characterized as a necessary litigating expense.

The second step of the court's determination of taxability is to decide whether a litigating expense will be awarded as a cost. Upon first consideration, Civ. R. 54(D) appears to contain an inconsistency, as it states that "* * * costs *shall* be allowed to the prevailing party *unless* the court otherwise directs." (Emphasis added.) A review of the rule reveals, however, its clear meaning: that all litigating expenses will ordinarily be allowed to the prevailing party as costs. See Staff Note to Civ. R. 54(D). While a court does have some discretion to refuse to allow as costs litigating expenses not required to be taxed by statute, Civ. R. 54(D) mandates that in most cases all litigating expenses *shall* be awarded as costs to the prevailing party. Thus, the court's discretion to disallow costs is limited to overruling a motion to tax a litigating expense only where such expense is an unusual expense in type or amount which because of the prevailing party's conduct it is inequitable to assess against the non-prevailing party.

In the instant case, therefore, we must determine whether the fee of a court reporter attending a municipal court trial is so necessary and vital to the litigation as to come within the category of necessary litigating expenses.

The fee for a court reporter's services is normally a taxable litigating expense. *Lakewood* v. *Stump* (1971), 26 Ohio App. 2d 119 [55 O.O.2d 249]. See R.C. 2301.21.

A complete transcript of the trial testimony comprises the best way to demonstrate claimed error on appeal, and cannot be obtained unless a court reporter is present during trial. Thus, the cost of the court reporter's attendance is clearly a necessary and vital expenditure of the litigation and is properly viewed as a taxable litigating cost of the prevailing party rather than a personal expense.

The taxability of the court reporter's fee is questioned in the instant case because this case was tried in the Cleveland Municipal Court rather than a common pleas court. It is argued that certain statutes pertaining to the administration of common pleas courts, as compared to those regulating the municipal courts, reflect a legislative determination that only in the common pleas courts are reporter's fees to be taxed as costs. It is our view that this statutory scheme merely sets forth procedural variations relative to the procurement of court reporters in the different courts, and does not alter the general rule that a court reporter's fee is a taxable cost.

The Revised Code sections regulating common pleas courts provide that full-time court reporters shall be employed as officers of the court, R.C. 2301.18, and must be provided by the common pleas court when requested by a party, R.C. 2301.20. The reporter's fees are then taxed as costs of the litigation. R.C. 2301.21.

The statutory provision relative to court reporters in the Cleveland Municipal Court similarly provides that where a court reporter is requested by a party, the reporter's fees are to be taxed as costs "* * * in the same amount as may be taxed for such services in the court of common pleas under section 2301.21 of the Revised Code, * * *" R.C. 1901.32(F). R.C. 1901.32(F) thus differs from R.C. 2301.18 in only one respect: in the Cleveland Municipal Court, no full-time reporter is to be employed, but rather, "* * * the presiding judge may appoint

such official court reporters for the civil branch of the court, *as the business of the court requires,* on a full-time, per diem, or contractual basis * * *"(emphasis added) R.C. 1901.32(F).

The only distinction between common pleas courts and the Cleveland Municipal Court in regard to court reporters is that R.C. 2301.18 requires a court reporter to be on the payroll of the common pleas courts and to be available when requested by a party, while in the Cleveland Municipal Court whether such a court reporter is on a full-time payroll is a matter within the discretion of the presiding judge of the court. This statutory distinction serves merely to save the municipal court the expense of retaining on salary full-time reporters, a reasonable distinction in light of its lesser volume of cases and decreased need for reporters due to the kinds of cases pursued in municipal courts. There is created no substantive difference between common pleas courts and the Cleveland Municipal Court which renders a reporter's fee a personal expense in the municipal court.

This rule also applies in those municipal courts which, unlike the Cleveland Municipal Court, are not covered by a specific statute. R.C. 1901.33 governs the use of court reporters in the municipal courts generally, and, like R.C. 1901.32(F), provides that official court reporters may be appointed by the judges of the municipal courts, but does not require the courts to maintain full-time, salaried court reporters. While R.C. 1901.33 does not specify that the appointed reporters' fees shall be taxed as costs, R.C. 2301.21 has been made applicable to the municipal courts in this respect by R.C. 1901.21(A), which provides in relevant part as follows:

"In any civil case or proceeding if no special provision is made in sections 1901.01 to 1901.37 of the Revised Code, the practice and procedure shall be the same as in courts of common pleas. If no practice or procedure is provided for in

the courts of common pleas, then the practice or procedure of county courts shall apply." See *University Hts.* v. *Dachman* (1973), 33 Ohio App. 2d 314 [63 O.O.2d 455].

The fee of a court reporter in any municipal court is therefore a necessary litigating expense.

Thus, in the event that a municipal court does not employ a full-time court reporter, if a party makes a timely motion prior to trial for the appointment of an official court reporter, the court must grant such motion. This duty of the court mandated in R.C. 2301.20 has also been made applicable to the municipal courts of this state by the operation of R.C. 1901.21. Absent such a motion, however, the municipal court is not mandated to appoint an official court reporter, and the fee of any court reporter present at a trial and not certified an official reporter of the court will be borne by the party employing the reporter.

The requirement that a municipal court provide an official court reporter upon request does not mean, of course, that the court may not place the burden of procuring a reporter upon the party desiring the reporter's presence. The reporter thus obtained must naturally be an impartial, professional court reporter, who shall then be appointed as an official court reporter of the municipal court pursuant to the relevant statutory provision.

Once an official reporter of the municipal court has been properly requested and obtained, the fee of the reporter will be a taxable litigating cost of the prevailing party pursuant to Civ. R. 54(D).

In the instant case, therefore, the trial court would have abused its discretion in refusing to tax as a cost the court reporter's fees had appellant timely requested the reporter's attendance. The record, however, does not reflect that appellant moved for the attendance of an official court reporter *prior* to trial. Having failed to comply with R.C. 1901.32(F) by

timely requesting the appointment of an official court reporter, appellant is not entitled to recover her expenditure for the court reporter's fee. Thus, appellant must bear this expense personally. For this reason, appellant's second assignment of error is overruled.

Appellant's third assignment of error contends that the trial court additionally erred in refusing to tax as a cost the expense of transcribing depositions used for impeachment purposes at trial.

Civ. R. 32(A)(1) provides that a deposition may be used at trial for impeachment purposes if the witness being impeached was the deponent. While undoubtedly the production of the deposition itself for impeachment of a witness on cross-examination is an effective tool, the same result may be obtained by questioning the witness-deponent about any contradictory statements made during the deposition. Thus, as a general proposition the expense of a deposition used only for impeachment is not so vital to the litigation as to constitute a necessary litigating expense which will be taxed as a cost.

The court may nonetheless in its discretion determine that such a deposition is so vital for impeachment purposes that it is in the overriding interest of justice to characterize the deposition expense as a taxable litigating expense rather than a personal expense to be borne by the party incurring it. See *Barrett* v. *Singer Co., supra* (60 Ohio St. 2d 7 [14 O.O.3d 122]). Each such case must be determined on its particular facts and circumstances, but the party seeking to recover the expense as a cost has the burden of demonstrating that the disputed expense should be considered a taxable litigating expense.

Appellant has failed to provide us with a verbatim transcript of the trial below in the instant case. We therefore are unapprised of any particular facts or circumstances which would indicate that an overriding consideration of justice existed such that the trial court abused its

discretion in not determining that this expense of depositions was a necessary and vital litigating expense properly taxable as a cost. Appellant's third assignment of error is consequently without merit.

No abuse of discretion having been shown, appellant's first assignment of error is also overruled.

For the foregoing reasons, the judgment of the Cleveland Municipal Court is affirmed.

*Judgment affirmed.*

DAY, J., concurs.

PARRINO, J., concurring in judgment only. After appellant had been awarded judgment for $725, she requested that the trial court tax as costs $990.85, including $682.50 for a private court reporter and $308.35 for two depositions. I concur in this court's judgment that the trial court did not err in denying appellant's request. However, I respectfully disagree with the reasoning relied upon by the majority.

While I agree that recent decisional law affords a trial court discretion to award some expenses outside the traditional definition as costs in a civil case, I am convinced that such discretion is limited and is to be exercised sparingly, so as not to encourage the unbridled escalation of litigation costs. I find the reasoning of the United States Supreme Court persuasive:

"* * * We do not read * * * [Fed. R. Civ. P. 54(d)] as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny. Any other practice would be too great a movement in the direction of some systems of jurispru- dence that are willing, if not indeed anxious, to allow litigation costs so high as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be. Therefore, the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute. Such a restrained administration of the Rule is in harmony with our national policy of reducing insofar as possible the burdensome cost of litigation. * * *" *Farmer* v. *Arabian American Oil Co.* (1964), 379 U.S. 227, 235.

The considerations articulated by the Supreme Court, moreover, find ample reflection in Ohio's statutes, rules and decisional law. Ohio's Civil Rules, for example, expressly emphasize the goal of eliminating unnecessary expense. Civ. R. 1(B). Ohio's decisional law discourages the award of personal expenses as costs, preferring that a party recover personal expenses, if at all, as damages, *New York, Chicago & St. Louis RR. Co.* v. *Grodek* (1933), 127 Ohio St. 22, or in an action for malicious prosecution, *Pope* v. *Pollock* (1889), 46 Ohio St. 367. In Ohio, therefore, the trial court's discretion to award personal expenses as costs in a civil case is limited. Absent authorization by statute, civil rule, or decisional rule, the court may award personal expenses as costs only when "overriding considerations" render the award necessary to effect justice.[1] *Barrett* v. *Singer Co.* (1979), 60 Ohio St. 2d 7, 9 [14 O.O.3d 122]. See, also, *Thornton* v. *Mid America Finance & Loan Co.* (1964), 8 Ohio App. 2d 229 [29 O.O.2d 312]; *Welter* v. *Welter* (Cuyahoga C.P. 1971), 27 Ohio Misc. 44 [55 O.O.2d 302]. An award of personal expenses unjustified by overriding considerations constitutes an abuse of the court's discretion.

---

[1] The court's limited discretion to award personal expenses as costs does not, absent statutory authorization, extend to attorney's fees. *Sorin* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 177 [75 O.O.2d 224].

The Cleveland Municipal Court has no duty to provide an official court reporter in civil cases. R.C. 1901.32(F) renders the appointment of an official court reporter discretionary, providing that, "[i]n the Cleveland Municipal Court, the presiding judge *may* appoint such official court reporters for the civil branch of the court, as the business of the court requires * * *" (emphasis added). See, also, R.C. 1901.33. Cf. R.C. 2301.18. The constitutional considerations that require the availability of an official transcript in a criminal case,[2] moreover, are not present in the usual civil case. See, *e.g., Griffin* v. *Illinois* (1956), 351 U.S. 12 (possibility of criminal conviction and incarceration); *Mayer* v. *Chicago* (1971), 404 U.S. 189 (possibility of criminal conviction and imposition of fine); *State, ex rel. Heller,* v. *Miller* (1980), 61 Ohio St. 2d 6, 8 [15 O.O.3d 3] (possibility of permanent, involuntary termination of parental rights, *i.e.,* of the "fundamental, privacy-oriented right of personal choice in family matters * * *"). The Cleveland Municipal Court, in other words, has neither a constitutional nor a statutory duty to provide an official court reporter.

I agree that the Cleveland Municipal Court may appoint an official court reporter "* * * on a full-time, per diem, or contractual basis, * * *" R.C. 1901.32(F). In light of the following practical difficulties, however, I am reluctant to impose, without constitutional or statutory basis, a mandatory duty to do so. When the Cleveland Municipal Court appoints an official court reporter, his compensation, regardless of the basis on which he has been appointed, is payable from the city and county treasuries. *Id.* See, also, R.C. 1901.33. The clerk must thereafter tax "* * * for each day's services of such reporter a fee in the same amount as may be taxed for such services in the court of common pleas under section 2301.21 of the Revised Code, * * *" and the clerk must pay the fees so collected quarterly into the city and county treasuries. R.C. 1901.32(F). See, also, R.C. 1901.21 (rendering R.C. 2301.21 applicable to municipal courts generally). The clerk, in other words, may tax only eight dollars per day for each day's services. R.C. 2301.21. Because it is unlikely that the Cleveland Municipal Court can obtain the services of a court reporter on a per diem or contractual basis for eight dollars per day,[3] the city and county treasuries must make up the balance. The majority, in other words, without constitutional or statutory basis, effectively imposes substantial expenses upon an already financially troubled city. Even if the majority were prepared to permit taxation of the entire amount charged by the court reporter, notwithstanding the express language of R.C. 1901.32(F) and R.C. 2301.21, moreover, it would impose substantial, and perhaps prohibitive, expenses on a nonprevailing party. The kinds of civil cases pursued in municipal courts, in other words, render it likely that the costs assessed would exceed the amount of the claim or judgment. Such a

---

[2] The requirement is not absolute, even in criminal cases. See, *e.g., Draper* v. *Washington* (1963), 372 U.S. 487, 495, holding that:

"* * * Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise. A statement of facts agreed to by both sides, a full narrative statement based perhaps on the trial judge's minutes taken during trial or on the court reporter's untranscribed notes, or a bystander's bill of exceptions might all be adequate substitutes, equally as good as a transcript. * * *"

[3] See, for example, the amounts charged appellant by her private court reporter:

"Attendance of Reporter, Trial, didn't go forward, 1/9/80 — 35.00

"Attendance of Reporter, Trial 1/28/80 — 1/31/80 — 647.50"

prospect might well have a chilling effect upon a party who sincerely believes he has a meritorious claim or defense.

For the reasons adduced above, I believe that, when a municipal court does not provide an official court reporter in civil cases, a private court reporter's attendance fees are personal expenses which must be borne by the party incurring them.[4] Absent the presence of overriding considerations, the fees of a private court reporter may not be taxed as costs in a civil case.

Because the Cleveland Municipal Court does not provide an official court reporter in civil cases, and because a party who desires a court reporter's attendance at trial bears responsibility for arranging it, the reporter's fees in the case at bar are personal expenses. The record, moreover, does not demonstrate the presence of overriding considerations. On the contrary, the record discloses that the trial was brief, the witnesses were few, the issues were not complex, and the probability of disagreement over testimony was minimal. The trial court, therefore, did not err in refusing to tax the private court reporter's attendance fees as costs.

Accordingly, I concur in the judgment only.

---

[4] A party who wishes to litigate a civil action in a municipal court and who does not wish to incur the personal expense of a private court reporter may, if he subsequently appeals, use "* * * a statement of the evidence or proceedings * * *," App. R. 9(C).