LITTLE, Appellee,

v.

STOOPS, Appellant.

[Cite as *Little v. Stoops* (1989), 65 Ohio App.3d 758.]

Court of Appeals of Ohio,
Clinton County.

No. CA89–06–009.

Decided Dec. 29, 1989.

*Ronald C. Carey*, Prosecuting Attorney, and *Richard W. Moyer*, for appellee.

*Rural Legal Aid Society* and *Kathy Gamble*, for appellant.

KOEHLER, Judge.

This cause is before the court on an appeal filed by defendant-appellant, Duane J. Stoops, disputing the trial court's assessment of court costs in conjunction with genetic testing performed in this paternity proceeding.

The facts indicate that a complaint was filed by the Clinton County Prosecutor's Office on January 17, 1989 against appellant for custody and support of the minor child of plaintiff-appellee, Tammie S. Little. On February 27, 1989, appellant answered the complaint denying that he was the natural father of appellee's minor child. At this pretrial hearing, it was agreed by the attorneys for the parties and ordered by the court that blood tests be taken of the parties and the minor child. These tests were taken on March 7, 1989 at the Clinton Memorial Hospital. The results of the blood tests definitively excluded appellant as a possible father of appellee's minor child. On May 8, 1989, the parties returned to court for the sole purpose of determining who was to pay for the genetic tests and who would assume the court costs, since the prosecutor's office was dismissing the case against appellant based upon the results of said tests. Appellant presented evidence that he earned approximately $75 per week when employed. Further, the record also establishes

that appellee was an ADC recipient with no additional income. The trial court dismissed the case against appellant, but ordered appellant responsible for the cost of genetic testing and court fees.

Appellant has brought this timely appeal, objecting to the trial court's assessment of costs against him. The following assignment of error is asserted by appellant:

"The trial court committed prejudicial error when it abused its discretion by ordering defendant to pay the blood test fees and court costs."

Appellant urges in his assignment of error that the lower court's assessment of costs for the blood tests and court fees was an abuse of discretion since the statutory provisions mandate an opposite result.

R.C. 3111.09(A) provides, in pertinent part:

" * * * Any fees charged for the tests shall be paid by the party that requests them, unless the court orders the fees taxed as costs in the action. If the court orders the fees taxed as costs in the action, if the custodian of the child is represented by the child support enforcement agency in its role as the agency providing enforcement of child support orders under Title IV–D of the 'Social Security Act,' 88 Stat. 2351 (1975), 42 U.S.C. 651, as amended, if the custodian is a recipient of aid for dependent children under Chapter 5107. of the Revised Code for the benefit of the child, and if the defendant in the action is found to be indigent, the child support enforcement agency, within guidelines contained in that federal law, may use funds received pursuant to Title IV–D of the 'Social Security Act,' 88 Stat. 2351 (1975) 42 U.S.C. 651, as amended, to pay the costs of the tests.   * * * "

■  Pursuant to the statute concerning genetic testing, one who requests such tests in a paternity proceeding is deemed obligated for the costs thereof. In the instant case, the record does not suggest that appellant requested the blood testing at issue.

R.C. 3111.14, in connection with expert witness fees and costs, provides:

"The court may order reasonable fees for experts, and other costs of the action and pretrial proceedings, including genetic tests, to be paid by the parties in proportions and at times determined by the court. The court may order the proportion of any party to be paid by the court, and, before or after payment by any party or the county, may order all or part of the fees and costs to be taxed as costs in the action."

Accordingly, a trial court in its discretion may order that the costs of a genetic test be taxed as costs in the proceeding, consistent with R.C. 3111.09.

The analysis for determining whether the court below abused its discretion in levying costs against appellant begins with defining "abuse of discretion." The term "abuse of discretion" connotes more than error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142; *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149.

The cost of genetic testing is properly assessed against the party who requests such tests. R.C. 3111.09(A). However, in the case *sub judice*, the evidence does not show that appellant solely requested the human leukocyte antigen ("HLA") test. In fact, the trial court ordered the tests to be performed per agreement of the parties. Thus, the statutory provisions embodied in R.C. 3111.09(A), requiring the party requesting genetic testing to pay for the costs thereof, are inapplicable in the instant action.

Appellant was presumed to be the father of appellee's minor child due to his signature on the child's birth certificate. See R.C. 3111.03(A)(4). However, another individual was also named by appellee as possibly being the father of her child. Apparently, by agreement of the parties, appellant, appellee, and the minor child submitted to the HLA testing. Due to the negative results of the HLA test, appellant was subsequently dismissed as the "father" with the other named possible "father" agreeing to support the child through the Clinton County Child Support Enforcement Agency. The court below nevertheless deemed appellant fortunate and assessed the costs of $285 for the HLA testing his responsibility, knowing that his weekly income was only $75. Further, appellee contends that it would be an abuse of discretion to burden her with these costs. However, R.C. 3111.09(A) does provide a mechanism by which the child support enforcement agency is obligated to pay the costs of genetic testing in certain circumstances.

A court may order fees charged for genetic testing taxed as costs in an action pursuant to R.C. 3111.09 and 3111.14. Civ.R. 54(D) states:

"Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

A determination of whether or not an expense will be allowed as a taxable cost under Civ.R. 54(D) requires a two-step analysis by the trial court. The first step of this inquiry is to ascertain whether an expense is a taxable litigating expense or a personal expense; this is thereafter followed by a decision as to whether a litigating expense should be taxed as a cost in the particular case at bar. *Jones v. Pierson* (1981), 2 Ohio App.3d 447, 2 OBR 542, 442 N.E.2d 791, paragraph one of the syllabus. The court distinguished

personal expenses and litigating expenses stating that "the funds expended by a party as are necessary and vital to the litigation must be characterized as taxable costs which will normally be awarded to the prevailing party." *Id.* at 449, 2 OBR at 545, 442 N.E.2d at 794.

The court in *Jones, supra,* in deciding whether a litigating expense would be awarded as a cost of the action, held as follows:

"While a court does have some discretion to refuse to allow as costs litigating expenses not required to be taxed by statute, Civ.R. 54(D) mandates that in most cases all litigating expenses shall be awarded as costs to the prevailing party. Thus, the court's discretion to disallow costs is limited to overruling a motion to tax a litigating expense only where such expense is an unusual expense in type or amount which because of the prevailing party's conduct it is inequitable to assess against the non-prevailing party." *Id.* at 449, 2 OBR at 545, 442 N.E.2d at 794–795.

In the case *sub judice,* the cost of the HLA testing is most definitely a litigating expense. The test was both necessary and vital to the paternity suit under the circumstances. The HLA test results were the only reliable evidence appellant could introduce in his defense. Furthermore, the test results could potentially benefit either party since the results can establish whether a particular defendant is the child's natural father.

■ The genetic testing expense performed by the Clinton Memorial Hospital was not unusual in type or amount. In addition, appellant has not engaged in any conduct which would make it inequitable to assess this cost to appellee. On the contrary, the equities in this particular case justify taxing this cost to appellee. The evidence reveals that appellant earned approximately $75 per week when working. The imposition of the cost of genetic testing on appellant amounting to 7.5 percent of his total annual income is clearly improper, burdensome, and unduly harsh. See *Reed v. Pace* (Apr. 17, 1985), Cuyahoga App. No. 48612, unreported, 1985 WL 7978. Further, obligating appellant to pay for such costs, when he can be characterized as indigent, defies logic and thereby constitutes an abuse of discretion. See, also, *Walker v. Stokes* (1975), 45 Ohio App.2d 275, 45 O.O.2d 402, 344 N.E.2d 159; *Anderson v. Jacobs* (1981), 68 Ohio St.2d 67, 22 O.O.3d 268, 428 N.E.2d 419.

■ We believe the proper method of paying for the HLA test is found in R.C. 3111.09 whereby the court below should have taxed the costs of this action against appellee. Consequently, the Clinton County Child Support Agency, pursuant to Title IV–D of the Social Security Act, Section 651, Title 42, U.S.Code, as amended, would then be obligated to advance the monies to extinguish the debt. Accordingly, pursuant to R.C. 3111.09 and Civ.R. 54(D),

the lower court abused its discretion by ordering appellant to pay the costs of the HLA tests when the equities of this matter mandated an opposite result. Therefore, we find that the costs of this paternity action, including genetic testing, must be taxed against appellee accordingly and not inconsistent with this opinion. Appellant's assignment of error is well taken and hereby sustained.

*Judgment reversed*
*and cause remanded.*

WILLIAM W. YOUNG, P.J., concurs.

HENDRICKSON, J., concurs separately.

HENDRICKSON, Judge, concurring separately.

The taxing of costs in this type of action should never be determined by the income of a party. Instead, it should be determined solely by the results of the HLA test. In this case, the test established that appellant was not the father of appellee's child. Therefore, costs, including the cost of the HLA tests, should not be assessed against him.