**Hamilton v. Heine**
*[Cite as 3 AOA 93]*

*Case No. 89 CA 12*
*Pickaway County, (4th)*
*Decided May 9, 1990*

*W. Charles Curley, 115 West Main Street, Columbus, Ohio 43215, for appellant.*

*Douglas S. Roberts, 471 East Broad Street, Columbus, Ohio 43215, for appellees.*

GREY, J.

The defendant, Dr. E. Rodman Heine, appeals from a decision in which the Common Pleas Court of Pickaway County overruled his motion to assess the expense of three depositions to the plaintiffs, Terry and Jean Hamilton.

The record reveals the following facts. On January 24, 1986, the Hamilton's son, Jeremy, severely injured his right ring finger. He was treated in the emergency room of Berger Hospital in Circleville by Dr. Heine and Dr. Charles Hedges.

On August 8, 1986, the Hamiltons filed an action in the Common Pleas Court of Pickaway County alleging that on January 24 1986, Dr. Heine and others improperly treated Jeremy in the emergency room of Berger Hospital. On December 15, 1987, the Hamiltons dismissed the action without prejudice.

On February 1, 1988, the Hamiltons filed the present action against Dr. Heine alleging that he had negligently failed to "properly splint Jeremy's finger and reduce the finger." On March 7, 1988, Dr. Heine filed a motion to assess the expense of the three depositions from the previous action to the Hamiltons. On November 7, 1988, the Hamiltons dismissed the action with prejudice.

On November 22, 1988, Dr. Heine filed a second motion to assess the expense of the depositions to the Hamiltons. By way of decision and judgment entry of May 19, 1989, the court overruled the motion and found that "such costs are not recoverable because the depositions were not read in any trial of this case."

Dr. Heine has filed a timely notice of appeal to this court setting forth a single assignment of error. "The trial court abused its discretion in overruling Appellant's Motion for assessment of certain expenses as costs taxable to plaintiffs."

Civ. R. 54(D) provides that "(e)xcept when express provision therefor is made either in statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs." The staff note to Civ. R. 54(D) states that the rule places the ultimate responsibility for the assessment of costs within the discretion of the court. The standard of review is whether the trial court abused its discretion. The term "abuse of discretion" has been defined as a decision which is arbitrary, unreasonable, or unconscionable. See, *Sandusky Properties v. Aveni* (1984), 15 Ohio St. 3d 273.

In *Jones v. Pierson* (1981), 2 Ohio App. 3d 447, the Court of Appeals of Cuyahoga County

set forth a two step analysis for determining whether an expense will be allowed as a taxable cost under Civ. R. 54(D). Paragraph one of the syllabus provides, in part:

"The first step of the inquiry is to determine whether an expense is a taxable litigating expense or a personal expense; this is followed by a decision as to whether a litigating expense should be taxed as a cost in the particular case at bar."

Expenses expended by a party in preparing a case for trial are personal expenses which are not taxable as a cost of the action. See, *Jones, supra.* A deposition expense expended by a party in preparing a case for trial would be a personal expense.

Furthermore, in *Barrett* v. *Singer* (1979) 60 Ohio St. 2d 7, the Supreme Court held that the expense of depositions not used at trial, shall not be taxed as a cost of the action unless there are overriding considerations, such as those found in *Thornton* v. *Mid America Finance & Loan Co.* (1964), 8 Ohio App. 2d 229.

In *Thornton* v. *Mid America Finance & Loan Co., supra,* Thornton filed four amended petitions that were stricken by the court. Mid America took depositions. Thornton failed to file a fifth amended petition. The court dismissed the action which made it impossible to use the same depositions. The court found that the depositions were taken in good faith and were necessary to the preparation of Mid America's case. Due to the overriding considerations, the expense was taxable as costs in the action.

In the case at hand, the expense of the depositions was incurred in preparing a case for trial. See, *Jones, supra.* The depositions were never used at trial. See *Barrett, supra.* Nor were there overriding considerations like those found in *Thornton, supra.*

We cannot say that the trial court abused its discretion when it refused to grant Dr. Rodman's motion assess the expense of the three depositions to the Hamiltons. The trial court did not err in refusing to grant Dr. Heine's motion to have the expense of the depositions assessed as costs.

We conclude by noting here that what appellant seeks is for this court to adopt a rule similar to the rule used by English courts. In England, as I understand it, the losing party must pay all fees and expenses incurred by the prevailing party. This may or may not be a good rule. Such a rule might cut down on frivolous or harassment suits. On the other hand, a rule such as this would have the effect of limiting court actions only to the rich or the very rich. While the question of whether this kind of rule should be adopted is debatable, the question of who should make this rather significant change, is not. It is not for an intermediate appellate court, such as this one, to adopt a rule which would significantly change the practice of law, and significantly effect the constitutional right of equal access to the courts. If any changes are to be made, they are for the supreme court or the legislature to make.

Appellant's single assignment of error is overruled and the judgment of the common pleas court is affirmed.

*Judgment affirmed.*

STEPHENSEN, J. & HARSHA, J., concur in judgment & opinion.