**Troulos**
v.
**Production Abrasives, Inc.**
v.
**Areway, Inc.**
*[Cite as 4 AOA 301]*

*Case No. 56975 & 57317*
*Cuyahoga County, (8th)*
*Decided June 21, 1990*

*Richard C. Alkire, Esq., Marshall I. Nurenberg, Esq., Nurenberg, Plevin, Heller & McCarthy, 1370 Ontario Street, 1st Floor, Cleveland, OH 44113, for Stavros Troulos, et al.*

*Frederick P. Vergon, Jr., Esq., 500 National City Bank, East Sixth Street, Cleveland, OH 44114, for Production Abrasives, Inc..*

*James N. Kline, Esq., 900 Bond Court Building, 1300 East 9th Street, Cleveland, OH 44114, for Areway, Inc., et al.*

*Thomas H. Shunk, Esq., Baker & Hostetler, 3200 National City Center, Cleveland, OH 44114 Gregory F. Conston, Alexander & Green, 90 Park Avenue, New York, New York 10016, for Wilhelm Wenzel.*

MATIA, J.

These appeals and cross-appeal arise from certain rulings entered by the Cuyahoga County Court of Common Pleas, which will be more specifically addressed *infra*. Trial of this matter resulted in a verdict and judgment in favor of plaintiffs-appellees/cross-appellants, Stavros and Ekaterine Troulos, in the aggregate amount of $825,000, against defendants-appellants/cross-appellees Wilhelm Wenzel and Production Abrasives, Inc.

## I. THE FACTS, GENERALLY

Appellee Stavros Troulos was seriously injured on August 6, 1986 when a defectively manufactured abrasive polishing wheel, or "flapwheel", with which he was working during the course of his employment with a truck wheel polishing company, Areway, Inc., shattered near his face. Pieces of the flapwheel struck Mr. Troulos in the head, resulting in the total destruction of his left eyes, partial loss of sight in his right eye, multiple facial fractures, organic brain damage, and severe psychological impairment. Mr. Troulos timely filed a complaint and an amended complaint, naming as defendants:

(1) Areway, Inc., Mr. Troulos' employer;

(2) Production Abrasives, Inc., a Pennsylvania corporation from whom Areway obtained the subject flapwheel;

(3) Wilhelm Wenzel, a citizen of West Germany and sole proprietor of the West German company which manufactured the subject flapwheel; and

(4) Akron Welding and Spring Co., which was alleged by plaintiffs to have been involved in the manufacture or distribution of the flapwheel.

Through discovery, plaintiffs became satisfied that defendant Akron Welding was not subject to liability for plaintiff's injuries and so by journal entry of January 14, 1988, that party was voluntarily dismissed by plaintiffs. Further, the trial court granted the motion for summary judgment of plaintiff's employer, Areway Inc., on November 14, 1988, without opposition from plaintiffs.

Thus, only appellants Production Abrasives and Wilhelm Wenzel remained as defendants at trial. Production Abrasives filed a cross-claim against Wilhelm Wenzel for indemnity. On December 5, 1988 the trial court entered judgment on such cross-claim based upon the jury's answers to special interrogatories, wherein it had been determined that the manufacturing defect was latent.

Further relevant facts will be discussed during disposition of the assignments of error to which they relate. We will deal initially with the errors assigned by appellants Production Abrasives and Wilhelm Wenzel, and then consider the cross-appeal of the plaintiffs.

## II. ADMISSION OF EXPERT TESTIMONY

Both Production Abrasives and Wilhelm Wenzel assign error in the trial court's allowance of expert testimony. They shall be discussed together.

Defendant-appellant Production Abrasives' first assignment of error:

"I. THE TRIAL COURT ERRED IN OVERRULING THE MOTION IN LIMINE OF APPELLANT PRODUCTION ABRASIVES, INC. TO PRECLUDE THE TESTIMONY OF APPELLEES' MEDICAL EXPERT WITNESS."

Defendant-appellant Wilhelm Wenzel's second assignment of error:

"II. THE TRIAL COURT ERRED IN PERMITTING THE TESTIMONY OF DR. TANK, GREGORY DUBOIS AND SIMON TAMNY, ABSENT A CONTINUANCE TO PERMIT APPELLANT TO PREPARE A DEFENSE TO THEIR RESPECTIVE TESTIMONY."

Dr. Thomas Tank was plaintiff-appellee Troulos' treating physician and medical expert; Mr. Simon Tamny was plaintiff's engineering

expert; and Mr. Gregory DuBois was defendant-appellant Production Abrasives' engineering expert.

Both defendants-appellants Production Abrasives and Wenzel filed motions *in limine* prior to trial. Defendant-appellant Production Abrasives' motion sought only to exclude Dr. Tank's testimony, while the motion of defendant-appellant Wenzel challenged the admission of testimony from all three of the above-named experts. Both motions were overruled and the three experts testified at trial. Plaintiffs now contend that appellants' failure to object to the expert testimony of Dr. Tank and Mr. Tamny *at trial* results in a waiver of the right to raise the issue on appeal.

This court has jurisdiction only to review final orders and judgments, and a ruling on a motion *in limine* is not a final order, but rather is only a tentative preliminary ruling. *Covington* v. *Sawyer* (1983), 9 Ohio App. 3d 40, at 44. Error must be preserved by proffer or objection at trial. In *State* v. *Grubb* (1986), 28 Ohio St. 3d 199, the Ohio Supreme Court quoted from Palmer, Ohio Rules of Evidence Manual (1984), at 446, in holding that the trial court's pretrial ruling on the motion does not preserve the alleged error for appeal:

"'Although extremely useful as a trial technique, *the ruling in a motion in limine does not preserve the record on appeal.* The ruling is as [sic] tentative, preliminary or presumptive ruling about an evidentiary issue that is anticipated but has not yet been present in its full context. *An appellate court need not review the propriety of such an order unless the claimed error is preserved by an objection, proffer, or ruling on the record when the issue is actually reached and the context is developed at trial.*' (Emphasis added.)

"The aforementioned statement is an accurate and well-reasoned summarization of the failure to preserve error after an order is entered granting a motion *in limine*. Thus in *State* v. *Leslie, supra*, at 344, the court stated:

"'An order granting or denying a motion *in limine* is a tentative, preliminary or presumptive ruling about an evidentiary issue that is anticipated. *An appellate court need not review the propriety of such an order unless the claimed error is preserved by a timely objection when the issue is actually reached during the trial. State* v. *White* (1982), 6 Ohio App. 3d 1; see, also, Evid. R. 103(A)(1).'

"Likewise, in *State* v. *Wilson* (1982), 8 Ohio App. 3d 216, the court reasoned at 220 that the

'[f]ailure to object to evidence at the trial constitutes a waiver of any challenge, regardless of the disposition made for a preliminary motion *in limine*. Evid R. 103(A)(1); *State* v. *White, supra; Fetzek* v. *Lafon* (December 13, 1979), Franklin App. No. 79AP-419, unreported.' See, also, *Caserta* v. *Allstate Ins. Co.* (1983), 14 Ohio App. 3d 167, 170; *State* v. *Maurer, supra*, at 259-260." (Emphasis added.)

Similarly, the Tenth District Court of Appeals in *Moss* v. *Nationwide Mut. Ins. Co.* (1985), 24 Ohio App. 3d 145 at 148, stated:

"* * * [E]ven if the trial court overrules a motion *in limine* under circumstances where it should have been sustained * * *, there is no prejudice arising from such error or abuse of discretion unless the improper question is actually asked and an objection interposed at that time. * * * [*Caserta, supra* at 170.]

"* * * The rule announced in *Caserta*, quoted above, is but an extension of the well-establish rule of appellate review that a party will not be heard to complain of an error in the admission of evidence unless he objected at a point in the trial where the trial court could correct any such error. * * *." See also, *Mizanin* v. *Trailer Mart, Inc.* (Jan. 7, 1988), Cuyahoga App. No. 52660, unreported.

In the instant case, the record reveals that no objection had been interposed by appellants at trial regarding the admission of testimony from Dr. and Mr. Tamny. With respect to the testimony of appellant Production Abrasives' engineering expert, Mr. DuBois, the same analysis applies. Appellant Wenzel disputed the admission of Mr. DuBois' testimony in the motion *in limine*, but did not preserve any alleged error by objecting at trial. Appellants have thus waived this issue for appeal, and for that reason appellants' assigned errors are not well taken.

### III. PRODUCTION ABRASIVES' SECOND ASSIGNMENT OF ERROR

Appellant Production Abrasives asserts that the trial court erred in concluding that it was not a "seller", as defined at former R.C. 2305.33 (repealed in 142 v H, §2 [140 v. S 136], eff. 1-5-88):

"THE TRIAL COURT ERRED IN RULING PRODUCTION ABRASIVES, INC. WAS NOT A SELLER AS DEFINED BY OHIO REVISED CODE §2305.33 AND ERRED IN ITS REFUSAL TO APPLY OHIO REVISED CODE §2305.33 TO THE FACTS OF THIS CASE IN THE FOLLOWING RESPECTS: '1) IN OVERRULING THE MOTION FOR SUMMARY

JUDGMENT; 2) IN DENYING THE MOTION FOR DIRECTED VERDICT; 3) IN REFUSING TO INSTRUCT THE JURY; AND 4) IN STRIKING THE DEFENSE OF OHIO REVISED CODE' §2305.33."

The central issue is whether, under the facts of the instant case, appellant Production Abrasives may be said to have conveyed possession of the subject flapwheel to plaintiff's employer, Areway, Inc., "in exchange for anything of value" so as to fall under the definition of "seller" at former R.C. 2305.33(A). If appellant Production Abrasives is not such a "seller", then the actions of the trial court, enumerated in the assignment error, were not improper.

R.C. 2305.33 limited the liability of non-manufacturing "sellers' in certain product liability actions. The statute was repealed in 1988 as part of the enactment of Ohio's new product liability legislation, R.C. 2307.71 to 2307.80, but was in force at all times relevant to the instant action. The term "seller" was defined at R.C. 2305.33(A) as "a person who, in exchange for anything of value, conveys title to or possession of a product to another person."

The trial court issued a Memorandum to Counsel filed December 9, 1988, which found that R.C. 2305.33 was unavailable to appellant Production Abrasives, since there had been no "exchange for anything of value." That is, appellant Production Abrasives received nothing in return for having supplied Areway, Inc. with the defective flapwheel and so appellant is not a "seller" as that term is defined at R.C. 2305.33(A).

It is axiomatic that, in construing the language of statutes:

"* * * a court must first look to the language of the statute itself to determine the legislative intent. See, *e.g., Katz* v. *Department of Liquor Control* (1957), 166 Ohio St. 229. If that inquiry reveals that the statute conveys a meaning which is clear, unequivocal and definite, at that point the interpretative effort is at an end, and the statute must be applied accordingly. *Sears* v. *Weimer* (1944), 143 Ohio St. 312.

"'Where the language itself clearly expresses the legislative intent, the courts need look no further,' *Katz, supra,* at 231." *Provident Bank* v. *Wood* (1973), 36 Ohio St. 2d 101, at 105-106.

The nature of the phrase "anything of value" becomes evidence upon consideration of R.C. 1.03, Definition of "anything of value," which includes:

"(A) Money, bank bills or notes, United States treasury notes, and other bills, bonds, or notes issued by lawful authority and intended to pass and circulate as money;

"(B) Goods and chattels;

"(C) Promissory notes, bills of exchange orders, drafts, warrants, checks, or bonds given for the payment of money;

"(D) Receipts given for the payment of money or other property;

"(E) Rights in action;

"(F) Things which savor of the realty and are, at the time they are taken, a part of the freehold, whether they are of the substance or produce thereof or affixed thereto, although there may be no interval between the severing and taking away;

"(G) Any interest in realty, including fee simple and partial interests, present and future, contingent or vested interest, beneficial interests, leasehold interests, and any other interest in realty;

"(H) Any promise of future employment;

"(I) Every other thing of value."

In the instant case, John Hadgis of Areway, Inc. clearly testified that the flapwheel was given to Areway, Inc. at no charge, as a free sample, with no obligations of future business. There was substantial evidence that Production Abrasives did not receive "anything of value" in exchange for the defective flapwheel.

Since the language of R.C. 2305.33, in conjunction with the definition at R.C. 1.03, clearly expresses the legislative intent in this regard, we apply the statute according to its plain meaning. The trial court did not err in finding that appellant Production Abrasives was not a "seller" under R.C. 2305.33, and this assignment of error is therefore not well taken.

IV. WILHELM WENZEL'S FIRST ASSIGNMENT OF ERROR

Appellant Wenzel contends that:

"THE TRIAL COURT ERRED IN FAILING TO GRANT WENZEL'S MOTION TO DISMISS THE COMPLAINT, AND THE CROSS-CLAIM OF PRODUCTION ABRASIVES, FOR LACK OF PERSONAL JURISDICTION."

It is appellant Wenzel's position that he lacked sufficient contacts with the state of Ohio to be subjected to suit in the trial court. While the evidence adduced at trial indicates that appellant Wenzel did in fact have sufficient contacts here to satisfy the dictates of *International Shoe* v. *State of Washington* (1945), 326 U.S. 310, there is no need to undergo such an

analysis since appellant Wenzel had waived the defense of lack of personal jurisdiction.

Civil.Rule 12(H) provides:

"(H) Waiver of defenses and objections.

"(1) A defense of lack of jurisdiction over the person, * * * is waived (a) if omitted from a motion in the circumstances described in subdivision. (G) * * *."

Subdivision (G) states:

"(G) Consolidation of defenses and objections. A party who makes a motion under this rule must join with it the other motions herein provided for and then available to him. If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter assert by motion or responsive pleading, any of the defenses or objections so omitted, * * *."

Simply state, on July 28, 1987, appellant Wenzel filed a motion to dismiss under Civ. R. 12, but did not include therein the defense of lack of personal jurisdiction. For this reason, such defense must be deemed to have been waived, pursuant to subdivision (H). Appellant Wenzel's first assignment of error is therefore not well taken.

### V. PLAINTIFFS' CROSS-APPEAL

Plaintiffs Stavros and Ekatrine Troulos have timely filed a cross-appeal in this court concerning two post-judgment motions denied by the trial court.

### A. MOTION FOR PREJUDGMENT INTEREST

In their first assignment of error, plaintiffs state:

"THE TRIAL COURT ERRED IN DENYING PLAINTIFFS' MOTION FOR PREJUDG-MENT INTEREST WITHOUT HOLDING A HEARING AS REQUIRED BY OHIO RE-VISED CODE SECTION 1343.03(C)."

Plaintiffs believe they were entitled to an oral hearing on prejudgment interest since they had made good faith efforts to settle, but the defendants-appellants had not.

Prejudgment interest may be awarded against a losing party who had failed to make a good faith effort to settle, where the successful party had made such an effort. R.C. 1343.03(C). Whether a party's efforts are in good faith is a determination resting within the sound discretion of the trial court. *Worrell* v. *Multipress, Inc.* (1989), 45 Ohio St. 3d 241; *Kalain* v. *Smith* (1986), 25 Ohio St. 3d 157. The mere fact of a plaintiff's verdict, however, does not support the conclusion that the defendant acted without good faith. *Kalain, supra; Bitzer* v. *Lincoln Electric Co.* (March 15, 1990), Cuyahoga App. Nos. 56653 and 56690, unreported.

Moreover, this court recently held in *Bitzer, supra,* that while some sort of a hearing may be required for disposition of a motion for prejudgment interest, the trial court has discretion in determining whether such hearing is to be oral or non-oral. See *Laverick* v. *Children's Hospital Medical Ctr. of Akron* (1988), 43 Ohio App. 3d 201. That determination will not be disturbed absent abuse of discretion.

In the instant case, we find that there is sufficient evidence of good faith settlement efforts on the part of defendants, and plaintiffs have not adequately demonstrated an abuse of discretion on the part of the trial court in not holding an oral hearing. Accordingly, this assignment of error is not well taken.

### B. MOTION TO TAX COSTS

In plaintiffs' second assignment of error, they assert:

"THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING PLAINTIFFS' MOTION TO TAX COSTS."

Pursuant to Civ. R. 54, plaintiffs filed a motion requesting the trial court to tax as costs certain expenses incurred during this litigation totalling $7,507. The trial court denied plaintiffs' motion in whole.

Costs of litigation are allowed pursuant to Civ. R. 54(D), which provides:

"(D) Costs. Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

This court has recognized the trend in case law to broaden the scope of awardable costs. *Jones* v. *Pierson* (1981), 2 Ohio App. 3d 447. The trial court must determine whether a particular expense will be taxed as a cost, utilizing a two-step analysis:

"* * * The first step of the inquiry is to determine whether an expense is an item properly taxable as a cost; this is followed by a decision as to whether the cost should be taxable in the particular case at bar.

"* * *

"The second step of the court's determination of taxability is to decide whether a litigating expense will be awarded as a cost." *Id.* at 449.

The trial court's discretion in this regard is not unlimited:

"* * * the court's discretion to disallow costs is limited to overruling a motion to tax a litigating expense *only where such expense is an unusual expense in type or amount which because of the prevailing party's conduct it is inequitable to assess against the non-prevailing party.*" *Id.* (Emphasis added.)

In the case *sub judice*, the trial court disallowed plaintiffs' motion *in toto*, even though certain of the expenses listed therein were not even disputed by the defendants. Upon review of the record, it is clear that some of the expenses sought by plaintiffs were certainly not "unusual in type or amount." For this reason, plaintiffs' second assignment of error is well taken, and the case will be remanded to the trial court for proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

HOFSTETTER, J., concurs.
KRUPANSKY, P.J., concurs in part and dissents in part.

Sitting by assignment, Judge Edwin T. Hofstetter, Retired Judge of the 11th Appellate District of Ohio.

KRUPANSKY, P.J., concurring and dissenting.

I would affirm the judgment of the trial court in its entirety. I concur with the majority in its opinion except I respectfully dissent from that portion of the majority opinion which remands the case to the trial court simply to reexamine the efficacy of the requested costs which were exorbitant, unusual, and properly denied by the trial judge.

While I recognized that recent decisions afford a trial court increasing discretion to award some expenses in civil cases, a trial judge does not abuse his discretion in refusing to award unreasonable or excessive expenses a litigant has seen fit to incur in the conduct of his case.

Civ. R. 54(D) establishes the general guidelines for the assessment of costs. The rule places the ultimate responsibility for the assessment of costs upon the trial court, unless a particular cost is provided by statute. Ordinarily, costs are allowed to the prevailing party. Nevertheless, the award of costs must be determined on the particular facts of the case as both a vital and necessary litigating expense. *Jones* v. *Pierson*, (1981) 2 Ohio App. 3d 447, 451.

In the instant case, plaintiffs moved to tax as costs $7,507.00. The deposition costs of defendant Wilhelm Wenzel alone totalled $1,996.64. Included in this entry was the airfare to fly to New York to depose Mr. Wenzel ($231) and an overnight stay at the Grand Hyatt New York ($222.84). Apparently, Mr. Wenzel felt it was more convenient for him to testify in New York City. Other deposition costs plaintiff incurred totalled $2,609.40. Many of the deponents were called to testify at trial. Therefore, their depositions were merely offered for impeachment purposes and these expenses were properly denied. *Id.* In addition, the plaintiff's Greek interpreter who worked at trial for one-half day cost $722.50. This is an egregious amount considering the Cleveland language bank provides services of this type gratuitously.

It is clear that many of these expenses are "unusual in type or amount." *Id.* The plain language of Civ. R. 54(D) states: "costs shall be allowed to the prevailing party *unless the court otherwise directs.*" (Emphasis added). Items proposed by winning parties as costs necessarily need careful scrutiny. The trial judge exercised his discretion in refusing to condone the exorbitant and unnecessary costs submitted by the plaintiff. No particular facts or circumstances were demonstrated which would indicate that an overriding consideration of justice existed such that the trial court abused its discretion is not determining the expenses presented were necessary and vital litigating costs. *Jones, supra* at 451,452.