CITY OF TOLEDO, APPELLEE, v. SMITH, APPELLANT. (Two cases.)

[Cite as City of Toledo v. Smith, 3 Ohio St. 2d 80.]

(Nos. 38912 and 38913—Decided July 7, 1965.)

*Mr. Louis R. Young*, director of law, and *Mr. John A. De-Victor, Jr.*, for appellee.

*Mr. Clarence G. Smith, Mr. Armand Hocker* and *Mr. James B. Simmons, Jr.*, for appellant.

BROWN, J. We note, as did the Court of Appeals, that the trial court, in remarks contained in the partial bill of exceptions, concluded that each case was one in which a narrative bill of exceptions would adequately exemplify the errors claimed by way of specification in the application. We note also the trial court's offer to assist in the preparation of such a narrative bill of exceptions. Considering that the defendant here was indigent in fact, we have before us the appellant's claim, reduced to bare bones, that in every misdemeanor case an indigent defendant is entitled to a bill of exceptions, including a complete transcription of the stenographer's notes at public expense.

*Griffin* v. *Illinois*, 351 U. S. 12, upon which appellant relies, does not so hold even in regard to felony cases. See *The Impact of Griffin* v. *Illinois on State Court—Federal Court Relationships*, 24 Federal Rule Decisions, 75. See, also, Mr. Justice Harlan's dissenting opinion in *Griffin* v. *Illinois, supra*, in which he indicates that the majority opinon applies to felony cases only. He there states, at page 29, "Much as I would prefer to see free transcripts furnished to indigent defendants in all felony cases, I find myself unable to join the court's holding that the Fourteenth Amendment requires the state to do so * * *." See, also, Section 2953.03, Revised Code, as amended subsequent to the *Griffin case* and subsequent to this court's holding in *State* v. *Frato*, 168 Ohio St. 281, which permits the trial judge in the interest of justice to provide indigent defendants *in felony cases* with both bills of exceptions and transcripts at public expense.

This seems to us to draw the line where it should be drawn. The problem is that the cost of a transcript and a bill of exceptions, as well as other costs of defense, are considerations which

confront the accused in all cases. To remove this consideration in misdemeanor cases only as to indigents is certainly not equal justice. It is to say that indigents may frivolously appeal while others must consider the costs.

We note that Mr. Justice Frankfurter in his concurring opinion in the *Griffin case*, at page 24 says:

" * * * When a state not only gives leave for appellate correction of trial errors but must pay for the cost of its exercise by the indigent, it may protect itself so that frivolous appeals are not subsidized and public moneys not needlessly spent. The growing experience of reforms in appellate procedure and sensible, economic modes for securing review still to be devised, may be drawn upon to the end that the state will neither bolt the door to equal justice nor support a wasteful abuse of the appellate process."

The judgment in each appeal is affirmed and the causes are remanded for execution of sentence.

*Judgments affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.