City of Lakewood, Appellee, *v.* Stump, Appellant.

(No. 29978—Decided May 13, 1971.)

*Mr. A. C. Sinagra,* prosecutor, for appellee.
*Messrs. Spieth, Bell McCurdy & Newell,* for appellant.

*Per Curiam.* This case is concerned with the narrow issue whether a court reporter's attendance charges are to be taxed as costs in a Municipal Court that does not

have a court reporter where, prior to trial, a defendant (subsequently acquitted) requests a court reporter to take stenographic notes of the proceedings.

A complete transcript of the testimony may be the necessary (or at any rate the best) way to show claimed errors on appeal. This can only be accomplished if a court reporter is present during the trial. Moreover, without the transcript, the cost of preparation and the expense for counsel could prove to be a vain expenditure in case of conviction. For without the record an appeal may be futile.

Refusal to tax the costs of the court reporter to the loser forces a defendant to make the choice of foregoing his right to a complete transcript of the testimony for use on appeal or paying the cost of the court reporter even though he is ultimately acquitted.*

A rule imposing such options is fundamentally unfair and therefore unconstitutional because fairness is an essential element of due process under the Fourteenth Amendment of the United States Constitution. (*Cf.* Section 16, Article I, Constitution of Ohio, first paragraph, "due course of law".)

There is an additional vice in the refusal to tax the costs of the reporter's attendance as requested in this case. A successful criminal defendant in Common Pleas Court may have taxed as costs attendance fees of a court reporter by virtue of the statutes. See R. C. 2301.20 and 2301.21. These sections, read together with R. C. 1901.21 (A) and 1907.371, make the common pleas provision for court reporters applicable to Lakewood Municipal Court. The obligation thus imposed becomes that set out in R. C. 2301.20 and 2301.21, which provide in pertinent part:

R. C. 2301.20:

". . . if either party to the suit, or his attorney, requests the services of a shorthand reporter, the trial judge shall grant the request, . . . ."

---

*The contention that a defendant should pay the court reporter because he pays his attorney does not have merit. An attorney, by tradition, is personal to the defendant, while a court reporter's services are normally a part of the judicial expense and taxed as costs.

R. C. 2301.21:

"In every case reported as provided in section 2301.20 of the Revised Code, there shall be taxed for each day's service of the official or assistant shorthand reporters a fee . . . , to be collected as other costs in the case . . . ."

For both the constitutional and statutory reasons assigned, judgment is reversed and this cause is remanded to Lakewood Municipal Court with instructions to tax attendance fees as costs.

*Judgment reversed.*

DAY, C. J., KRENZLER, J., concur.
MANOS, J., dissents.

MANOS, J., dissenting: There is no constitutional requirement that a stenographic transcript of court proceedings uncategorically need be paid for by the state upon appeal. *Griffin* v. *Illinois* (1956), 351 U. S. 12, stands for the proposition that if a state provides an appellate procedure that requires a bill of exceptions and an indigent who cannot afford one is therefore denied a right to appeal, the state must pay for the transcript. However, the court went on further to state:

"We do not hold, however, that Illinois must purchase a stenographer's transcript in every case where a defendant cannot buy it. The Supreme Court may find other means of affording adequate and effective appellate review to indigent defendants. For example, it may be that bystander's bill of exceptions or other methods of reporting trial proceedings could be used in some cases." 351 U. S. at 20.

In Ohio a narrative bill of exceptions is a viable and accepted way of demonstrating error upon appeal.

In *Toledo* v. *Smith* (1965), 3 Ohio St. 2d 80, the Court held that a defendant convicted of a misdemeanor in Toledo Municipal Court is not entitled to a complete transcript of stenographer's notes at public expense where a narrative bill would adequately exemplify the errors

claimed, and that failure to provide a complete transcript does not violate the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution.

I find no constitutional ground upon which to hold that the stenographer's attendance should be taxed as costs.

The legislative intent is clear from the following sections:

R. C. 1901.26(A):

"The Municipal Court, by rule, *may* establish a schedule of fees and costs to be taxed in any action or proceeding, either civil or *criminal*, which shall not exceed the fees and costs provided by law for a similar action or proceeding in the Court of Common Pleas." (Emphasis added.)

R. C. 1901.33:

"The judge or judges *may appoint* one or more typists, stenographers, statistical clerks, and official court reporters, each of whom shall be paid such compensation out of the city treasury as the legislative authority prescribes." (Emphasis added.)

The Legislature has left it to the discretion of the Municipal Court to decide whether or not to provide a reporter in a criminal case and whether or not to tax same as costs. Defendant's redress is not with the courts but with the Legislature.

Therefore, finding no authority for the majority's view, I dissent.