CITY OF UNIVERSITY HTS., APPELLEE, *v.* DACHMAN, APPELLANT.

[Cite as University Hts. v. Dachman
(1973), 33 Ohio App. 2d 314.]

(No. 32107—Decided March 29, 1973.)

*Messrs. Dachman & Dachman,* for appellee.
*Mr. Lawrence W. Corman,* for appellant.

*Per Curiam.* This appeal was brought from a decision of the Shaker Heights Municipal Court which denied appellant's request to tax his court reporter's cost in a case wherein the appellant was found not guilty of the charge of violating Ordinance No. 511.19 of the City of University Heights, which prohibits a person from allowing his dog to defecate on property owned by another.

The matter was scheduled for hearing on October 12, 1971, at which time defendant appeared, accompanied by a court reporter. As a result of an error relating to subpoenas, the case was postponed. The hearing was finally heard on January 12, 1972. On this occasion the defendant brought his own court reporter. The total charge for the two appearances by the reporter was $105.00.

The appellant was acquitted of the offense charged and, accordingly, moved the court to tax the reporter fees against the city, the losing party in the action. The trial court overruled this motion.

The defendant assigns one prejudicial error by the trial court:

"Whether or not a defendant in a criminal action who provides his own court reporter when the court cannot, does not and is unable to provide a court reporter, are the fees of the court reporter taxable as part of the costs and is the defendant entitled to be reimbursed for these expenses, and should these items be taxed as part of the costs."

*This assignment of error is not well taken and overruled.*

The specific issue raised by this assignment is whether or not a defendant, who is eventually acquitted of an offense, may have the costs of a retained court reporter taxed against the city, where the defendant *does not* prior to trial request that a reporter be provided by the court, or in the alternative, that an electronic recording device be provided for the purpose of preserving a record of the trial.

The defendant, in support of his appeal for reversal of the trial court, cites a recent decision of this court, *Lakewood* v. *Stump* (1971), 26 Ohio App. 2d 119, 269 N. E. 2d 611. That decision held that the defendant could require the reporter's attendance fees be taxed as costs against the city. However, a crucial and distinguishing feature of that case is that the defendant, prior to trial, had requested and had been denied a court reporter by the Municipal Court. Accordingly, he had the right to retain a court reporter independently in order to preserve a record.

In the case at bar there is nothing in the record to demonstrate that the defendant had *requested prior to trial* that the court provide facilities for recording the hearing. He simply appeared for the hearing with a reporter whose services he had retained.

Appellant argues in his brief that he had been informed at some unspecified date in the past that no reporter or electronic recorder would be provided by the court. This allegation is denied by the opposing counsel and such contention is unsupported by the record.

The question may be properly put why such a pretrial demand is necessary. As indicated in *Stump,* the legislature plainly intended that counsel must lodge a request for the services of a reporter with the court. See R. C. 2301.20,

made applicable to municipal courts by R. C. 1901.21(A) and R. C. 1907.371. Such practice can be justified by an important policy consideration: judicial control over the administration and the expenses of its proceedings. Were we to condone the action by counsel in the instant case we would be depriving the municipal court of two more economic alternatives for preserving a record of the trial: (1) appointment of the reporter by the court itself, whose compensation is limited by statute (R. C. 1901.26(A), read in conjunction with R. C. 2301.22); (2) utilization of an electronic recording device. In the instant case, the expenses incurred in unilaterally retaining a court reporter far exceeded those that could have possibly been incurred under the two alternatives available to the court. Only when a court abdicates its responsibility in refusing on demand to provide a means for making a record does the *Stump* rationale warrant the hiring of a court reporter by an accused, even if it results in an added economic burden to the city.

Accordingly, we hold that defendant must give Municipal Court the opportunity to provide a court reporter or facilities to record a hearing for due process purposes prior to trial before attendance fees of a reporter retained by defendant can be required to be taxed as costs against the plaintiff city.

*Judgment affirmed.*

JACKSON, P. J., DAY and CORRIGAN, JJ., concur.