THE STATE OF OHIO, APPELLEE, *v.* GAETANO, APPELLANT.

[Cite as State v. Gaetano (1974), 44 Ohio App. 2d 233.]

(No. 1005—Decided July 9, 1974.)

*Mr. Joseph J. Baronzzi,* prosecuting attorney, for appellee.

*Mr. Ben F. Kelly,* for appellant.

LYNCH, P. J. Defendant, the appellant herein, is appealing his conviction in the county court of Columbiana

County, on November 27, 1973, for operating a motor vehicle while under the influence of alcohol, a violation of R. C. 4511.19. No record was taken of the trial proceedings, and no statement of the evidence or proceedings provided by App. R. 9(C) was filed in this case. Defendant was represented by counsel during this trial.

Defendant's only assignment of error is that the trial court erred in failing to use a recording device to preserve a record of the trial proceedings.

R. C. 4511.99 provides that a violation of R. C. 4511.19 is a misdemeanor of the first degree. R. C. 2929.21(B)(1) provides that the term of imprisonment for a misdemeanor of the first degree is not more than six months.

Criminal Rule 22 provides, in part, as follows:

"In serious offense cases all proceedings shall be recorded.

"In petty offense cases * * * if requested by any party all proceedings shall be recorded."

Criminal Rule 2 provides the following definitions:

" 'Serious offense' means any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months.

" 'Petty offense' means a misdemeanor other than a serious offense."

We hold that a violation of R. C. 4511.19 is a "petty offense" under Criminal Rule 2, and that under Criminal Rule 22 a petty offense case need not be recorded unless requested by a party to the proceeding.

There is nothing in the record indicating that defendant or his counsel requested that a record be made of the trial proceedings. Therefore, we overrule defendant's assignment of error.

Defendant cites the case of *Johnson* v. *Zerbst* (1938), 304 U. S. 458, in which the court, at page 464, states:

" * * * 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and * * * we 'do not presume acquiescence in the loss of fundamental rights.' "

Defendant cited no authority that established his constitutional right to have a record made by the trial court,

and did not raise the question of the constitutional validity of Criminal Rule 22 concerning the recording of petty offense cases.

Criminal Rule 22 was prescribed by the Ohio Supreme Court pursuant to Article IV, Section 5(B) of the Ohio Constitution, which further provides that all laws in conflict with such rule shall be of no further force or effect. Under Criminal Rule 22, defendant had no right to have the proceedings in this case recorded unless he specifically requested that such a record be made. In the absence of such a request, he had no right to waive.

3 Ohio Jurisprudence 2d 666-668, Appellate Review, Section 715, states as follows:

"In appeals on questions of law, all reasonable presumptions consistent with the record will be indulged in favor of the validity of the judgment or decision under review, and of the regularity and legality of the proceedings below."

We find that defendant has not overcome the presumption of the validity of the judgment of the trial court.

*Judgment affirmed.*

DONOFRIO, J., concurs.

O'NEILL, J., dissents.

O'NEILL, J., dissenting. There is no way whereby this court could possibly reverse the judgment of the lower court and grant a final judgment on behalf of the defendant, as requested. However, we must always deal in "substantial justice" as it affects the litigants. I am not sure that in this case we can assure the defendant that he has received substantial justice. It is admitted by the prosecution that at the time of this trial, there was no recording equipment available even if defendant had requested or been entitled to it. This trial came on well after the Rules of Criminal Procedure were adopted. Courts of law should be courts that abide by the law. For no reason other than the noncompliance of the court with the law, the final judgment should be vacated and the cause remanded for a new trial in the sense of substantial justice.