THE STATE OF OHIO, APPELLEE, *v.* DICKARD, APPELLANT.

*Mr. Joseph E. Feighan, Jr.,* for appellee.

*Mr. Robert Otto Carson,* for appellant.

ANN MCMANAMON, J. On July 20, 1982, defendant-appellant, Leslie Dickard, was found guilty on a charge of assault[1] after a jury trial in the Garfield Heights Municipal Court. The court sentenced him to sixty days in jail and fined him $600, of which forty-five days and $200 of the fine were suspended, and put appellant on three years' probation.

It is from this conviction that appellant assigns the following errors:

"I. The defendant was denied due process when the trial court refused his request for a record of the trial.

"II. The defendant was denied due process when the trial court permitted unsworn witnesses to testify.

"III. The defendant was denied due process when the trial court permitted a witness to testify to an unrelated subsequent assault even though the defendant admitted the assault but was urging self-defense.

"IV. The defendant was denied due process when the trial court permitted a witness to testify known to the prosecutor for almost one month but revealed to defense counsel shortly before trial.

"V. The defendant was denied due process when the trial court permitted the prosecutor to introduce into evidence the unrevealed felony conviction of the defendant although a motion for discovery had been granted in favor of the defense."

We hold that a request for recordation by appellant did not place the burden of procuring a court reporter or providing a recording device upon the Garfield Heights Municipal Court.

(No. 45766—Decided August 8, 1983.)

[1] R.C. 2903.13, a misdemeanor of the first degree.

The record in the subject case is clear that the court granted appellant's motion for recordation of the proceedings and properly gave written notice to counsel for appellant, on June 30, 1982, that appellant should bring a court reporter to the trial, which had been scheduled for July 19, 1982. The Rules of Superintendence for Municipal Courts provide that the administrative judge may order the use of stenographers, phonogramic or photographic devices, audio electric or video recording systems. M.C. Sup. R. 8(A). In its discretion, the Garfield Heights Municipal Court chose to have proceedings recorded stenographically when appellant made his request.

Counsel for appellant not only neglected to have a court reporter present, as ordered, but made no objection to commencing trial and proceeding for a full court day without one. It was the second day of trial before proceedings commenced that appellant filed a written objection to the absence of recording by the court. This objection was overruled.

It is the proposition of appellant that the burden of providing a requested record rests entirely upon the court.

The issue raised is unique to municipal courts since courts of common pleas employ full-time court reporters pursuant to R.C. 2301.18. Although a municipal court "may" appoint one or more official court reporters, as provided in R.C. 1901.33,[2] the statute is not mandatory, but dependent upon funding by the legislative authority of the municipality.

We note that the misdemeanor offense *sub judice* has a maximum term of imprisonment of not more than six months and, therefore, is not a serious offense[3] necessitating the services of a court reporter under Crim. R. 22, which provides, in part, as follows:

"In petty offense cases * * * if requested by any party all proceedings shall be recorded." See *State* v. *Gaetano* (1974), 44 Ohio App. 2d 233 [73 O.O.2d 245].

This court has consistently held that a municipal court's denial of a request for recordation is improper. *Lakewood* v. *Stump* (1971), 26 Ohio App. 2d 119 [55 O.O.2d 249]. We have also held that fees for attendance of a court reporter must be taxed as costs to the losing party, and later limited this rule only to those municipal court cases where the request was made prior to trial. *Stump, supra,* and *University Hts.* v. *Dachman* (1973), 33 Ohio App. 2d 314 [62 O.O.2d 455].

The requirements delineated in *Stump* and *Dachman* were likewise adhered to by this court in a civil case, *Jones* v. *Pierson* (1981), 2 Ohio App. 3d 447, in which this court held that a municipal court may require a party who wishes to have a court reporter present at trial to bring one. The court ruled:

"The requirement that a municipal court provide an official court reporter upon request does not mean, of course, that the court may not place the burden of procuring a reporter upon the party desiring the reporter's presence. The reporter thus obtained must naturally be an impartial, professional court reporter, who shall then be appointed as an official court reporter of the municipal court pursuant to the relevant statutory provision." *Id.* at 451.

---

[2] R.C. 1901.33 provides, in pertinent part:
"The judge or judges may appoint one or more typists, stenographers, statistical clerks, and official court reporters, each of whom shall be paid such compensation out of the city treasury as the legislative authority prescribes, * * *."

[3] " 'Serious offense' means any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim. R. 2.

It is implicit in this line of cases that a pretrial request by a party for recordation is notice to the court that it must select a means of recordation acceptable under M.C. Sup. R. 8(A). In the event that the court does not choose to appoint its own reporter, for economic reasons or otherwise, or to tape record the proceedings, the requesting party properly may be ordered by the court to procure its own reporter, whose expenses will be borne by the losing party. In either event we do not find any denial of due process.

Appellant's first assignment of error is not well-taken.

Assignments of Error Nos. II, III and V will be consolidated for purposes of our consideration.

After trial appellant submitted a proposed statement of the evidence, pursuant to App. R. 9(C). The appellee, in turn, submitted timely objections to appellant's statements. It was then the duty of the trial court to settle any disagreements and to approve those statements conforming to truth and accuracy pursuant to App. R. 9(C). These determinations of the court are its responsibility and its authority. *Joiner* v. *Illuminating Co.* (1978), 55 Ohio App. 2d 187 [9 O.O.3d 340]. In the instant case, the court, apparently finding both appellant's and appellee's proposed statements to be unsatisfactory, submitted its own statement. Subsequently, appellee filed an "addendum" to its statement of the evidence which the trial court did not approve, nor did it order a correction of its own pursuant to App. R. 9(E). The trial court was required to fulfill its obligations under App. R. 9 independent of any conflict between the parties. See *Joiner, supra.* Consequently, the narrative transcript of the proceeding before us for appeal purposes consists exclusively of the trial court's statement of facts and evidence which we are bound to accept pursuant to App. R. 12(A).

The court's statement, Item 11, provides that each witness was properly sworn. For this reason Assignment of Error No. II is not well-taken.

The court's statement, Item 14, indicates that the trial court admitted evidence of a subsequent assault by appellant in another case. However, the court gave the jury a proper limiting instruction for the admission of such evidence to show motive, intent, scheme, plan or absence of mistake or accident on appellant's part, as required by Evid. R. 404(B). In the absence of an authenticated transcript, which is necessary to exemplify any impropriety in the court's ruling on this issue, we will affirm the trial court in this regard and, therefore, hold that Assignment of Error No. III is not well-taken.

In Assignment of Error No. V appellant claims he was denied due process because the prosecutor failed to disclose appellant's recent felony conviction. Contrary to this assertion, the court's statement, Item 19, posits that:

"The prosecutor did not admit he had failed to notify counsel of the felony conviction. The prosecutor had given this information to defense counsel at one of the pre-trials."

In his fourth assignment of error appellant contends that he was denied due process by the state's failure to disclose promptly the name of a material witness, Arnold Morand. On July 16, 1982, three days prior to trial, the appellee indicated its intention to call Morand as a witness at trial.

It is within the trial court's discretion pursuant to Crim. R. 16(E)(3)[4] to impose sanctions, including barring the testimony

---

[4] Crim. R. 16(E)(3) provides:

"Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may

of a witness, for a party's failure to comply with a discovery request. *State* v. *Weind* (1977), 50 Ohio St. 2d 224 [4 O:O.3d 413]. A court's denial of a continuance is reversible error only upon a demonstration of prejudice to the movant. *State* v. *Kehn* (1977), 50 Ohio St. 2d 11 [4 O.O.3d 74].

On the record before us, we are unable to determine the prejudicial affect, if any, to appellant or that the court abused its discretion in permitting Arnold Morand's testimony.

Therefore, appellant's fourth assignment of error is not well-taken.

For these reasons the judgment of the Garfield Heights Municipal Court is affirmed.

*Judgment affirmed.*

PARRINO, P.J., and PRYATEL, J., concur.

---

order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."