In this delayed appeal, defendant Joyce D. Boyd challenges her conviction for assault in violation of R.C. 2903.13. For the reasons set forth below, we affirm.
On August 9, 1997, defendant was cited for assault in connection with an incident which occurred at Key Bank. Defendant pleaded not guilty and the matter proceeded to a jury trial on October 1, 1997.
The parties have submitted an agreed statement of the evidence pursuant to App.R. 9(C). In relevant part, the agreed statement provides:
 5. Defense counsel objected, both orally and in writing, to the failure of the Court to utilize its recording system to record Defendant's trial, and Counsel specifically requested that the audio system be used to record the trial. In a handwritten "Proffer of Objections," filed with the Court, [on October 1, 1997] Defense Counsel stated that, "Defendant hereby gives notice of her objection to the trial not being recorded in any fashion." The Defendant did not furnish her own court reporter for the trial, nor did the court utilize its recording system, and, consequently, no record was made of the trial;
 6. The Trial Court did not grant Counsel's request for utilization of the Court's audio system and overruled Defendant's objections regarding recordation of the trial. The Court referred to the September 16, 1997, pretrial order regarding the recordation of the proceedings;
 8. Allison Perry, the manager of the Key Bank, located at 5301 Warrensville Center Road, Maple Heights, Cuyahoga County, Ohio, testified that on August 8, 1997, the Defendant Joyce D. Boyd, approached the customer service area of the bank and attempted to close out the account of Charlotte Smith and withdraw all of the funds from the elderly woman's account for which Joyce D. Boyd claimed to have a power of attorney.
 9. Miriam Salvador, the customer service representative, refused to honor Defendant's power of attorney and referred her to Allison Perry, the bank manager, who subsequently received information from Charlotte Smith's family at Marymount Hospital that the power of attorney in Defendant's possession was invalid.
 11. Allison Perry testified that Defendant then called her a thief, "whereupon she ordered Defendant to leave the bank. Allison Perry, who had been sitting in a chair, stood up, and defendant stated: "I'll kick your ass." The Defendant then pushed Allison Perry back into the chair and slapped her on her face and arms. The Defendant also punched Allison Perry in the face, and her glasses were knocked off. Allison Perry bled from a scratch she received from the Defendant in the altercation, and her dress, which contained some blood spots, was introduced into evidence at trial by the City;
 19. Joyce D. Boyd, the Defendant, testified that Charlotte Smith, an elderly woman, had given her a power of attorney to manage her funds. On August 8, 1997, the Defendant tried to negotiate a check from Smith's account at a Key Bank in Twinsburg, Ohio, and she was advised that she would have to go to the Maple Heights branch of the bank which she did;
 20. Joyce D. Boyd presented the check and the power of attorney to a teller at the Key Bank in Maple Heights, and she was told that she would have to consult with the bank manager. The manager informed the Defendant that the power of attorney had been revoked and that the bank would not honor it for that reason. Defendant demanded that the power of attorney be returned to her by the manager who refused to do so. Defendant then called the manager a "thief." Defendant testified that the manager struck her and that she struck back in self defense;
Defendant was subsequently convicted of the charge. Thereafter, trial court sentenced defendant to 180 days incarceration and fined her $1,000 which it suspended. Defendant was also placed on inactive probation until October 20, 2002.
Defendant now appeals and assigns three errors for our review.
Defendant's first assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S REQUEST FOR RECORDATION OF THE PROCEEDINGS.
Within this assignment of error, defendant complains that the trial court committed reversible error when it refused to tape record the proceedings and instead ordered defendant to procure a court reporter to record the proceedings.
As an initial matter, we note that defendant was charged with assault, a misdemeanor of the first degree, R.C. 2903.13(C). This offense carries a penalty of not more than six months, R.C. 2929.21(B)(1), and is therefore a "petty offense," pursuant to Crim. R. 2; accord Bay Village v. Daley (Oct. 27, 1994), Cuyahoga App. No. 66249, unreported.
We further note that Crim.R. 22 provides:
 In serious offense cases all proceedings shall be recorded.
 In petty offense cases all waivers of counsel required by Rule 44(D) shall be recorded, and if audio electronic recording devices, or by the use of video recording systems. The administrative judge may order the use of any method of recording authorized by this rule.
Moreover, M.C.Supp.R. 8(A) provides:
 Recording devices. Proceedings before any court and discovery proceedings may be recorded by stenographic means, by phonogramic means, by the use of audio electronic recording devices, or by the use of video recording systems. The administrative judge may order the use of any method of recording authorized by this rule.
In State v. Dickard (1983), 10 Ohio App.3d 293, this court considered these principles and stated:
 In municipal courts, a pretrial request by a party for recordation is notice to the court that it must select a means of recordation acceptable under M.C.Sup.R. 8(A). In the event that the court does not choose to appoint its own reporter, pursuant to R.C. 1901.33, for economic reasons or otherwise, or to tape record the proceedings, the requesting party properly may be ordered by the court to procure its own reporter, whose expenses will be borne by the losing party.
Accord Bay Village v. Daley, supra, (Crim. R. 22 and M.C.Sup.R. 8(A) provide the mechanism by which a party may request the presence of a court reporter in an assault case).
In this matter, the trial court prepared a journal entry at the final pre-trial hearing in this matter in which it stated,inter alia, "defendant shall furnish her own court reporter." Thereafter, on the date of the trial, defendant appeared without a court reporter and objected to the trial court's failure to tape record the proceedings. The court was not obligated to tape record the proceedings and was within its discretion in ordering defendant to procure her own court reporter.
The first assignment of error is overruled.
Defendant's second assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION IN ADMITTING "OTHER ACTS" EVIDENCE AGAINST APPELLANT AT TRIAL AND IN PERMITTING THE PROSECUTING ATTORNEY TO DRAW IMPROPER INFERENCES THEREFROM IN CLOSING ARGUMENT TO THE JURY.
Defendant next maintains that the trial court erred in permitting introduction of evidence that prior to the alleged assault, defendant was attempting to make a withdrawal from another individual's savings account with a power of attorney which was not valid.
The introduction of evidence of other acts is governed by Evid.R. 404. Pursuant to Evid.R. 404(B), such evidence is permitted where it tends to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." "Scheme, plan, or system" evidence is relevant where it tends to prove the offender's identity or where the other acts form part of the immediate background of the alleged act which forms the foundation of the crime charged in the indictment. State v. Curry (1975), 43 Ohio St.2d 66, 73. To be admissible pursuant to this subcategory of "scheme, plan, or system" evidence, the "other acts" testimony must concern events which are inextricably related to the alleged criminal act. Id. See, also, State v. Hutton (1990), 53 Ohio St.3d 36,40. Cf. State v. Sutherland (1994), 92 Ohio App.3d 840, 848. Thus, evidence of other crimes or wrongs may be admitted when such acts are so inextricably intertwined with the crime as charged that proof of one involves the other, explains the circumstances thereof, or tends logically to prove any element of the crime charged. See State v. Davis (1989), 64 Ohio App.3d 334,340.
In this instance, the evidence concerning the power of attorney explained the circumstances surrounding the alleged assault and formed part of the immediate background of the that charge. It was inextricably related to the alleged criminal act and was therefore admissible as "scheme, plan, or system" evidence pursuant to Evid.R. 404(B).
The second assignment of error is overruled.
Defendant's third assignment of error states:
 THE JURY'S VERDICT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Finally, defendant contends that her conviction is against the manifest weight of the evidence and is unsupported by sufficient evidence.
Because defendant has not provided us with a verbatim transcript, and has instead provided an agreed statement of the evidence pursuant to App. R. 9(C), we cannot consider these claims. See Kilroy v. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357,361, wherein this court stated:
App.R. 9(B) states:
 "If there is no officially appointed reporter, App.R. 9(C) or 9(D) may be utilized. If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion. * * *" See, also, Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19[.]
In accordance with the foregoing, we are compelled to overrule this assignment of error.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Garfield Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SPELLACY, J., AND BLACKMON, J., CONCUR.
 _______________________________ ANN DYKE PRESIDING JUDGE
[1] The two notices of appeal herein were consolidated for purposes of review and opinion due to the same relief being sought by appellant.