JOURNAL ENTRY AND OPINION
{¶ 1} Appellants, Lynn J. Kiley as co-executrix of the estate of Thelma J. Davis, and John L. Dowling as attorney for the estate of Thelma J. Davis, pro se, appeal a series of rulings rendered by the probate court of Cuyahoga county in the estate of Thelma J. Davis. In particular, appellants contend that the probate court did not act in compliance with Rules 16, 36, 37, 53, and 56 of the Ohio Rules of Civil Procedure and Rule 9 of the Appellate Rules of Procedure, that due process was denied attorney Dowling, and that there was the appearance of impropriety.
 {¶ 2} Appellants appeal the following orders from the probate court:
(1) order denying co-executrix's motion to strike purported motion to compel; (2) order denying co-executrix's motion to discovery sanctions and alternative motions to prohibit production of documents and testimony; (3) order denying co-executrix's motion for summary judgment; (4) order denying co-executrix's motion to strike purported motion for summary judgment; (5) order denying co-executrix's motion for admission sanctions and alternative motion to rule on objections and insufficient answers; (6) order granting exceptors' motion to compel; and (7) order denying attorney Dowling's applications for attorney fees in the amount requested. For the following reasons, we find appellants' appeal to be without merit.
 I. {¶ 3} For their first assignment of error, appellants seek a determination by this court as to whether Civ.R. 53 is violated when a judge signs a judgment entry absent a magistrate's decision. Rule 53(E)(1) of the Ohio Rules of Civil Procedure provides:
 {¶ 4} "The magistrate promptly shall conduct all proceedings necessary for decision of referred matters. The magistrate shall prepare, sign, and file a magistrate's decision of the referred matter with the clerk, who shall serve copies on all parties or their attorneys."
 {¶ 5} According to the Staff Notes, the 1995 amendment to Civ.R. 53(E) "entirely replaces the prior language which required preparation of reports by referees." The "new rule preserves the authority of the judges to require reports by so specifying in orders of reference. In the absence of such a requirement, however, magistrates will now prepare a magistrate's decision." See, Staff Notes to Civ.R. 53(E). Further, "[i]f a party desires that the magistrate's decision embody the detail characteristic of a referee's report, the party may make a request for findings of fact and conclusions of law * * *." See, Staff Notes to Civ.R. 53(E). The 1995 amendment to Civ.R. 53(E) lessened the reporting requirements of the magistrate.
 {¶ 6} Courts, pursuant to Civ.R. 53, have the ultimate authority and responsibility over the magistrate's findings and rulings and must make an independent review of the magistrate's rulings to determine any errors. "The findings of fact, conclusions of law, and other rulings of a [magistrate] before and during trial are all subject to the independent review of the trial judge." Harkai v. Scherba Indus., Inc. (2000),136 Ohio App.3d 211, 217.
 {¶ 7} Appellants contend that their due process was denied because the magistrate of the probate court did not file a "magistrate's decision" on any issues in the proceedings. Contrary to appellants' argument, each of the orders appellants now appeal was decided upon in conformance with Civ.R. 53(E) by the magistrate of the probate court by marginal notation or otherwise on the pleading, signed, filed, and later entered into judgment by way of order by the probate court. It appears from the record that the only time that appellants exercised their Civ.R. 53 right by requesting a more detailed decision of the magistrate was their request for findings of fact and conclusions of law in connection with the magistrate's decision to overrule their motion for summary judgment. Per appellants' request, the magistrate of the probate court "prepared, signed, and filed" findings of fact and conclusions of law and amended findings of fact and conclusions of law on September 18, 2002 and September 23, 2002, respectively. Appellants' failure to request more detailed decisions of the magistrate on any other ruling constitutes a waiver.
 {¶ 8} Further, it is somewhat surprising that appellants assert that they are appealing the "Order denying attorney Dowling's Applications for Attorney Fees in the amount requested" when the record from the hearing on October 25, 2002 plainly provides that "[a]ll parties present and consent to the modified attorney fee @ 125.00 per hr." This marginal notation was prepared, signed and filed by the magistrate of the probate court in conformance with Civ.R.53(E) and was later included in the magistrate's statement of proceedings, which were adopted by the probate court. Likewise, the transcript of the hearing on attorney Dowling's applications for attorney fees clearly states a modification of attorney fees without any objection by attorney Dowling.
 {¶ 9} Because each order appellants now appeal was decided by the magistrate of the probate court in conformance with Civ.R. 53(E), appellants' first assignment of error is not well-taken.
 II. {¶ 10} For their second assignment of error, appellants seek this court to determine whether Civ.R. 56(D) is violated when a trial court overrules an unopposed motion for summary judgment.
 {¶ 11} As provided in Civ.R. 56(C), summary judgment "shall be rendered" if there is "no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Both the probate court's findings of fact and conclusions of law and the amended findings of fact and conclusions of law as to appellants' motion for summary judgment, issued pursuant to appellants' request, state that a hearing on the exceptions filed to the first partial account "is necessary" and "questions of fact remain on the question of [Co-Executrix's removal]." Because the probate court found that material facts remained, it properly denied summary judgment in accordance with Civ.R. 56(C). Appellants' second assignment of error is not well-taken.[1]
 III. {¶ 12} For their third assignment of error, appellants contend that the probate court erred in failing to grant sanctions under Civ.R. 36 and 37.
 {¶ 13} The discovery rules give the trial court great latitude in crafting sanctions to fit discovery abuses. A reviewing court's responsibility is merely to review those rulings for an abuse of discretion. Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254,256, 1996-Ohio-159. "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." State v. Jenkins (1984), 15 Ohio St.3d 164,222. In order to have an abuse of that choice, the result must be "so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." Nakoff, 75 Ohio St.3d at 256. Applying this stringent review, we find no abuse of discretion on behalf of the probate court's decision not to impose sanctions on appellees for failure to respond to requests for admissions and instead allowing appellees additional time to comply with the discovery requests.
 {¶ 14} Moreover, the provision in Civ.R. 37(A)(4) for attorney fees and expenses ("sanctions") incurred in proving a matter which the recipient of a request for admissions has previously failed to admit "pertains to a failure resulting from a flat denial or from a statement of inability to admit or deny and not from a failure to respond to a request for admissions." National Mut. Ins. Co. v. McJunkin (May 3, 1990), Cuyahoga App. No. 58458. Here, appellants filed for sanctions because of appellees' failure to respond to their requests for admissions, not because appellees flatly denied or stated they were unable to admit or deny the requests for admissions. There was no abuse of discretion in the probate court's denial of sanctions against appellees for failure to respond to requests for admissions; thus, appellants' third assignment of error is not well-taken.
 IV. {¶ 15} For their fourth assignment of error, appellants seek a determination from this court as to whether due process is denied when a magistrate decides a motion for attorney's fees without conducting a hearing and without preparing a magistrate's decision.
 {¶ 16} As discussed in this court's analysis of appellants' first assignment of error, the record demonstrates that on October 25, 2002, the magistrate of the probate court heard attorney Dowling's applications for attorney fees and in the magistrate's prepared, signed, and filed decision — marginally noted on the left side of attorney Dowling's application for attorney fees — it states "[a]ll parties present and consent to the modified attorney fee @ 125.00 per hr." The statement of proceedings also provides:
 {¶ 17} "Attorney Dowling was present in court when his Application for Attorney Fees and the Amended Application for Attorney Fees were modified to reflect an hourly rate of $125.00 for a total of 376 hours. Counsel's modified fees were agreed upon by all litigants as evidenced by their signatures on the court's judgment entries dated October 25, 2002.
 {¶ 18} "All parties agreed and consented to the modified fees in an effort to minimize estate taxes."
 {¶ 19} Likewise, the probate court's statement of proceedings incorporates the magistrate's statement of proceedings, which "comport with [his] understanding of the circumstances when the Judgment Entries of October 25, 2002 were signed in reliance on the settlement as related to [him] by [the magistrate]." Furthermore, the transcript of the proceedings of the hearing held on October 25, 2002, in which attorney Dowling was present and participated, clearly states that an agreement and settlement were entered into among the parties and a modification of attorney fees for attorney Dowling to an hourly rate of $125.00 per hour was specifically included. Because a hearing was held on attorney Dowling's applications for attorney fees and attorney Dowling consented to a modification of his attorney fees to a rate of $125.00 per hour, appellants' fourth assignment of error is not well-taken.
 V. {¶ 20} For their fifth assignment of error, appellants contend that the probate court abused its discretion and violated Civ.R. 16 by facilitating settlement.
 {¶ 21} Rule 16 of the Ohio Rules of Civil Procedure provides in pertinent part:
 {¶ 22} "In any action, the court may schedule one or moreconferences before trial to accomplish the following objectives:
 {¶ 23} "(1) The possibility of settlement of the action[.]" (Emphasis added.)
 {¶ 24} Pursuant to the Staff Notes to Civ.R. 16, "[s]ubsection (1) of Rule 16 provides in effect that discussion of settlement should be an integral part of any pretrial conference." (Emphasis added.)
 {¶ 25} The record is devoid of any evidence suggesting that the magistrate of the probate court "required" settlement at any of the proceedings below. Simply because the probate court granted continuances of hearings — some sua sponte and others at the request of one or more of the parties — on various motions before it does not constitute an abuse of discretion or a violation of Civ.R.16, especially when the parties in the instant matter agreed to and did settle and resolve all issues in the matter. Because we find no abuse of discretion by the probate court in scheduling pretrial conferences to discuss the possibility of settlement (which, in fact, occurred), appellants' fifth assignment of error is not well-taken.
 VI. {¶ 26} For their sixth assignment of error, appellants contend that there was an appearance of impropriety when the magistrate of the probate court excluded one counsel from a hearing with other counsel.
 {¶ 27} As discussed previously by this court in its analyses of assignments of error one and four, the record is replete with evidence that appellants (including attorney Dowling) were present at any and all hearings held by the probate court. The alleged "miscellaneous documents" in the record do not reflect any communications initiated by the probate court with one party (and counsel) to the exclusion of other parties (and their counsel). Because the appearance by the probate court is anything but improper, appellants' sixth assignment of error is not well-taken.
 VII. {¶ 28} For their seventh assignment of error, appellants seek a determination by this court as to whether the probate court violated Rule 9(C) of the Rules of Appellate Procedure by presenting its own statement of proceedings.
 {¶ 29} Rule 9(C) of the Rules of Appellate Procedure provides:
 {¶ 30} "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal."
 {¶ 31} Appellants' argument is based upon the erroneous assumption that the probate court was required to accept and adopt appellants' statements of the proceedings, regardless of whether the probate court found appellants' statement of proceedings accurate. However, this is simply not the law.
 {¶ 32} While App.R. 9(C) mandates settlement and approval by the trial court of a statement of evidence or proceedings, "such approval isnot required by the trial court as to those statements of evidence or proceedings which the trial court finds inaccurate." State v. Trumbo
(1986), 22 Ohio St.3d 207, 208-09 (emphasis added). Although appellants submitted their proposed statement of proceedings, the magistrate of the probate court submitted his own statement of proceedings following the hearings on October 23, 2002 and October 25, 2002, respectively, which the probate court confirmed. The probate court apparently found appellants' statement of proceedings to be "unsatisfactory" because it submitted its own statement of proceedings. See, e.g., State v. Dickard
(1983), 10 Ohio App.3d 293, 295.
 {¶ 33} Even though appellees did not object or propose amendments to the appellants' statements of proceedings — "indeed even if the appellee agrees with appellant's proposed statement" — App.R. 9(C) "gives the trial court the authority to delete, add, or otherwise modify portions of a proposed statement so that it will conform to the truth and be accurate before [the trial court] approves it." Joiner v. TheIlluminating Co. (1978), 55 Ohio App.2d 187, 196 (holding that the trial court is obligated under App.R. 9(C) to settle any disagreements and approve the statements of proceedings that conform to truth and accuracy). Because the probate court was not required to accept appellants' statement of proceedings pursuant to App.R. 9(C) and instead was obligated to modify the statement of proceedings to conform with the truth, appellants' seventh assignment of error is not well-taken.
Judgment affirmed.
DIANE KARPINSKI, J., and ANTHONY O. CALABRESE, JR., J., CONCUR.
[1] Appellants' argument that the probate court did not act in accordance with Civ.R. 56(D) is misplaced. Civ.R. 56(D) requires the court, in deciding a motion for partial summary judgment or in grantingonly partial relief, "shall if practicable, ascertain what material facts exist without controversy and what material facts are actually and in good faith controverted." Here, the probate court overruled appellants' motion for summary judgment, which was submitted on all issues in the probate court proceedings, in its entirety; thus, Civ.R. 56(D) is inapplicable.