OPINION
{¶ 1} In this accelerated appeal, submitted on the briefs, plaintiff-appellant, James G. Squires, appeals the December 20, 2004 judgment entry of the Niles Municipal Court, granting judgment in favor of defendant-appellee, John Shelly Painting, Inc., and dismissing Squires' complaint. We affirm.
 {¶ 2} This case involves a contract dispute in which Squires complains that Shelly overcharged him for certain painting and wallpapering services for his home on the basis of Shelly's erroneous calculations of the square footage of the rooms. According to the written estimate, Shelly and Squires agreed to a cost of $.75 per square foot for the removal of the old wallpaper, $.25 per square foot for applying sizing to the walls, as well as various other fixed charges for additional agreed-upon painting and wallpapering work. Squires argues that, as a result of erroneous measurements, Shelly overcharged him for labor for the removal of the wallpaper. In addition, Squires claims he has incurred additional losses as the result of Shelly's erroneous measurements, due to a twenty-five percent restocking charge on the unused wallpaper that Squires returned to the store. On October 15, 2004, Squires filed a small claims complaint against Shelly in Niles Municipal Court, seeking judgment in the amount of $370.00.
 {¶ 3} Trial was held on December 6, 2004. On December 20, 2004, the trial judge granted judgment in favor of Shelly, making the following relevant findings of fact and conclusions of law:
 {¶ 4} "Plaintiff and defendant entered into an agreement for defendant to provide services of the company business."
 {¶ 5} "The plaintiff initially had concerns with the measurement of the job. Defendant provided new measurement which was less than the initial measurement. Plaintiff accepted the quote and the defendant performed some services." "After payment of initial services, * * * the plaintiff felt inaccurate measurement was taken and therefore was overcharged. The plaintiff, however, failed to provide an independent estimate of measurement from another reputable painting company and used only his calculations which are self-serving."
 {¶ 6} Squires timely appealed, asserting two assignments of error:
 {¶ 7} "[1.] The trial court erred to the prejudice of Appellant, when it refused to consider the evidence submitted by Appellant to establish the reasonable value of the services provided or allegedly provided by Appellee.
 {¶ 8} "[2.] The trial court failed to allow, and unfairly discounted, the testimony and evidence submitted by Appellant to establish the incorrect measurements made by Appellee."
 {¶ 9} Both of appellant's assignments of error essentially argue that the trial court's decision was against the manifest weight of the evidence, thus, they will be discussed together.
 {¶ 10} Manifest weight of the evidence presents an issue of fact.Bailey v. Pochedly, 11th Dist. No. 2004-T-0037, 2005-Ohio-3087, at ¶ 37. "In reviewing a civil judgment under a manifest weight of the evidence standard, the trier of fact is in the best position to view the witnesses and their demeanor, and the reviewing court indulges every reasonable presumption in favor of the lower court's judgment and findings of fact." Id. at ¶ 37 (citations omitted). "Judgments supported by some competent, credible evidence * * * will not be reversed by a reviewing court as being against the manifest weight of the evidence."C.E. Morris Co. v. Foley Const. Co. (1978), 54 Ohio St.2d 279, at syllabus.
 {¶ 11} In the instant matter, a transcript was unavailable. Therefore, the trial court allowed Squires to submit a "statement of evidence and proceedings" in lieu of a transcript, pursuant to App. R. 9(C). Although no objections were made by Shelly, the trial court, via judgment entry, adopted a modified statement of evidence and proceedings. See, State ex rel. Fant v. Trumbo (1986), 22 Ohio St.3d 207;Joiner v. Illuminating Co. (1978), 55 Ohio App.2d 187; State v.Dickard (1983), 10 Ohio App.3d 293 (in the absence of a transcript, the trial court, under App. R. 9(C), may accept, reject, modify, or adopt its own statement of evidence and proceedings in order to comport with the truth.)
 {¶ 12} Squires complains that the trial court erred and abused its discretion by "ignoring" his measurements and calculations in determining the reasonable value of the services provided, and by "failing to require the same evidence and proof from both Appellee and Appellant." In particular, Squires claims the court's statement that "plaintiff failed to provide an independent estimate of measurement from another vendor providing the same service," is an impermissible demand for an expert opinion. We disagree.
 {¶ 13} In reference to Squires' arguments, the statement of proceedings states, in relevant part:
 {¶ 14} "Plaintiff proffered testimony, his own measurements and other documentary evidence on the issue [of] * * * incorrect measurements. The measurements plaintiff provided were made by the plaintiff. In his evidence provided[,] plaintiff indicated other vendors would have provided a different estimate at a lower price. However, plaintiff failed to provide an independent estimate of measurement from another vendor providing the same service. Plaintiff provided no evidence of his experience in the measurement [sic] for installing and/or removing wallpaper."
 {¶ 15} "The defendant testified and disputed the testimony and measurements performed by the plaintiff. The defendant proffered testimony regarding how the measurements were taken to establish the accuracy of his estimate for the square footage of the original wallpaper removed at the plaintiff's residence."
 {¶ 16} As the foregoing colloquy reveals, the court considered the testimony proffered by both Squires and Shelly related to the measurements used in calculating the cost of wallpaper removal,[1] and chose to believe the accuracy of Shelly's measurements based upon the evidence adduced at trial.
 {¶ 17} Here, it is uncontested that there was an agreement between the parties to pay a specific amount for the painting and wallpapering services based on Shelly's calculations. Thus, the burden was on Squires to prove that the cost of the services as performed was unreasonable. There are two components to this calculation, the square footage of the walls, and the amount charged per square foot. Contrary to Squires' assertions, the trial court specifically found that Shelly testified as to the methodology he used in calculating the square footage related to this particular job. Furthermore, there is no evidence based on the record that the trial court failed to consider Squires' testimony. In fact, the trial court specifically considered Squires' testimony related to the measurements he made, but found that [Squires] provided no evidence of his experience in * * * installing and/or removing wallpaper."
 {¶ 18} The trial court's statement relating to Squires' failure "to provide an independent estimate of measurement from another reputable painting company," rather than being directed specifically at the accuracy of Squires' measurements, was directed at Squires' unsupported argument that other vendors would have provided a different estimate at a lower price, and went to the credibility of Squires' testimony.
 {¶ 19} "[C]redibility of witnesses and resolutions of conflicts in evidence are matters for the trier of facts." Bowen v. Bowen (1999),132 Ohio App.3d 616, 637, quoting Crull v. Maple Park Body Shop
(1987), 36 Ohio App.3d 153, 154. Since there was some competent and credible evidence to support the court's finding that Shelly's measurements were accurate, we cannot say, based on the record before us, that the trial court's judgment was against the manifest weight of the evidence. Squires' assignments of error are without merit.
 {¶ 20} We affirm the judgment of the Niles Municipal Court.
O'Neill, J., Rice, J., concur.
[1] Evidence adduced at trial appears to indicate that Squires paid Shelly $987.50 for the work performed. This would indicate that Shelley only completed and was paid for the work done to remove the old wallpaper, based on a cost of $.75 per square foot for a total of 1,318 square feet of wall, as calculated by Shelley. According to Squires' measurements, the amount of square footage for the applicable walls should have been 840 square feet, resulting in a difference of $358.50 for labor alone.